493 P.2d 1002

**STATE FARM MUTUAL INSURANCE COMPANY, Plaintiff and Respondent,**

v.

**FARMERS INSURANCE EXCHANGE, Defendant and Appellant.**

**No. 1244㊣.**

Supreme Court of Utah.

Feb. 7, 1972.

Don J. Hanson, Salt Lake City, for defendant and appellant.

L. L. Summerhays, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The plaintiff commenced these proceedings to recover medical payments in the sum of $844.64 made by State Farm Mutual Insurance Company to Louise Castleberry. The court below entered judgment in favor of the plaintiff and the defendant is here seeking a reversal of that decision.

On November 6, 1966, Louise Castleberry was a passenger in an automobile being operated by Vernon L. Hall at the time it was involved in an accident with an automobile being driven by Evert Dykhuizen. At that time the Hall vehicle was insured

by State Farm Mutual Insurance Company and the Dykhuizen vehicle was insured by Farmers Insurance Exchange.

Pursuant to the medical provisions of the policy State Farm Mutual Insurance Company paid medical bills incurred by Louise Castleberry in the sum of $844.64. Louise Castleberry made a claim against the defendant's insured and on his behalf the defendant settled the claim. This settlement included reimbursement to Louise Castleberry for the medical expenses she had incurred by reason of her injuries and a general release was taken. Prior to the settlement State Farm Mutual Insurance Company had notified Farmers Insurance Exchange of its claimed right for reimbursement of the medical expenses paid by it pursuant to the subrogation provisions of its policy.

■ It is the defendant's contention in these proceedings that no right of subrogation existed with respect to medical payments before the decision handed down by this court in the case of State Farm Mutual Insurance Company v. Farmers Insurance Exchange, found in 22 Utah 2d 183, 450 P.2d 458 (1969). The holding in that case was to the effect that an insurer may be subrogated with respect to medical expenses paid to its insured where notice of

its claim for reimbursement was given to the other insured prior to settlement.

Defendant does not quarrel with the decision of the court in the prior case but it claims that the decision substantially changed the law of subrogation in this jurisdiction and should be given prospective effect only. The defendant argues that prior to the decision above referred to the Utah decisional law was to the effect that the cause of action for personal injuries was not assignable and that insurers could not be subrogated to the rights of an insured to recover medical expenses.

■ Ordinarily an overruling decision has retroactive operation. There have been instances where courts have held that the rule established by an overruling decision will operate in the future only. The leading case establishing such a doctrine is that of Great Northern Railway v. Sunburst Oil & Refining Company [1] and the rule announced in that decision is commonly referred to as the Sunburst Doctrine. The rule is based upon the proposition that where persons had entered into contracts and other business relationships based upon justifiable reliance on the prior decisions of courts, those persons would be substantially harmed if retroactive effect were given to overruling decisions. An additional factor was that retroactive oper-

1. 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360, 85 A.L.R. 254; Linkletter v. Walker, 381 U.S. 618, 14 L.Ed.2d 601, 85 S.Ct. 1731.

Rubalcava v. Gisseman, 14 Utah 2d 344, 384 P.2d 389.

ation might greatly burden the administration of justice.

█ The record in this case would not support a decision limiting the effect of the prior decision to future application. There is no showing that any considerable number of persons or corporations would be affected by letting the decision apply retrospectively. There is no showing that injustice would result or that administration of justice would in any way be affected.

We see no reason to disturb the decision of the trial court and it is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.