JACK IMEL *v.* THE TRAVELERS INDEMNITY COMPANY.

[No. 1271A269. Filed May 4, 1972.]

---

*Ralph M. Koehne, John D. Clouse,* of Evansville, *Bayliff, Harrigan, Cord & Maugans,* of Kokomo, for Appellant.

*Fred P. Bamberger, Bamberger, Foreman, Oswald & Hahn,* of Evansville, for Appellee.

ROBERTSON, P.J.—Appellant Imel (Imel) filed suit against his insurance company (Travelers) to collect $2000 for medical and hospital bills resulting from an automobile accident in which he was involved. The rhetorical paragraph of the complaint that raises the issue for decision in this appeal reads as follows:

> "6. That plaintiff has performed all of the conditions of said policy of insurance to be performed by him except, that with reference to Condition No. 28 of said policy, entitled '28. Subrogation', plaintiff has refused to execute and deliver instruments and papers to secure defendant's right to subrogation, as therein provided, said condition providing for subrogation being a void, illegal, and unenforceable provision of said policy."

Travelers filed a Motion to Dismiss, based upon a failure to state a claim upon which relief could be granted, which the trial court sustained. Imel refused to plead over with a result-

ing dismissal of the complaint by the court. His Motion to Correct Errors was then overruled with this appeal resulting.

The subrogation clause of the policy in question reads:

"In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and, with respect to Part II, all the rights of recovery therefor which the injured person or any one receiving such payment may have against any person or organization. The insured, or with respect to Part II such person, shall execute and deliver instruments and papers, do whatever else is necessary to secure such rights and shall do nothing after loss to prejudice such rights."

Imel's sole contention urged in his Motion to Correct Errors, is that the above quoted subrogation clause is unlawful for several reasons, in that it amounts to an assignment of a claim for a personal injury. The six reasons assigned, making subrogation unlawful are: (a) statutory and case law forbidding such assignments; (b) unjust enrichment to allow Travelers to collect premiums then take back the benefits purchased by the premiums; (c) the subrogation clause of the policy is unenforceable because it lacks mutuality; (d) indemnity of the medical payment subrogation clause is illegal; (e) splitting of causes of action is not permitted in Indiana; and (f) Indiana courts have favored settlements and looked with disfavor upon multiple litigation involving the same transaction.

Imel's argument treats subrogation and assignment as one and the same. We are of the opinion that this is not the better reasoned rule of law.

The statutory provision upon which Imel relies, is Ind. Ann. Stat. § 2-201 (Burns 1967), which has been since superseded by TR. 17, and reads:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section; *but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract.*" (Imel's emphasis).

Imel also quotes at length from *Rice* v. *Stone* (1861), 83 Mass. 566, which holds, in accord with the common law, that "an assignment of a claim for damages for an injury to the person . . . when the assignment was made before judgment in an action for tort" cannot be done.

In well-written briefs, both Imel and Travelers cite numerous authorities from foreign jurisdictions demonstrating the differences between assignment and subrogation, or the lack thereof. Imel seeks primary refuge in *Harleysville Mut. Ins. Co.* v. *Lea* (1966), 2 Ariz. App. 538, 410 P. 2d 495; *Peller* v. *Liberty Mut. Fire Ins. Co.* (1963), 220 Cal. App. 2d 610, 34 Cal. Rptr. 41, *Travelers Indem. Co.* v. *Chumley* (1965 Mo. App.), 394 S. W. 2d 418; *Frosthove* v. *Hardware Dealers Mut. Fire Ins. Co.* (1967, Mo. App.), 416 S. W. 2d 208; *Wrightsman* v. *Hardware Dealers Mutual Fire Ins. Co.* (Ga. 1966), 147 S. E. 2d 860; and *Lowder* v. *Oklahoma Farm Bureau Mutual Ins. Co.* (Okl., 1967), 436 P. 2d 654. For one reason or another, these authorities have held subrogation of claims arising from personal injury illegal.[1]

Travelers seeks shelter under an umbrella of holdings from twenty other jurisdictions which approve subrogation of medical payments. Eleven of these jurisdictions make a difference between subrogation and assignment, five approve subrogation of medical payments without making a distinction between subrogation and assignment, and the remaining four give approval upon the theory their survival statutes so permit.

We agree with the majority of the jurisdictions which make a distinction between an assignment of a claim for personal injuries and subrogation of one's rights arising from a personal injury. A few of the distinctions are: subrogation secures contribution and indemnity, where-

---

1. Both California and Missouri have substantially diluted the holdings of the above cited opinions. See *Block* v. *California Physicians' Service* (1966), 244 Cal. App.. 2d 266, 53 Cal. Rptr. 51, and *Kroeker* v. *State Farm Mutual Automobile* (K. C. Mo. App. 1971), 466 S. W. 2d 105.

as assignment transfers the entire claim; the consideration in subrogation moves from subrogor to subrogee, whereas in an assignment the consideration flows from assignee to assignor; assignment contemplates the assignee being a volunteer, whereas subrogation rests on a contractual duty to pay; assignment normally covers but a single claim, whereas subrogation may include a number of claims over a specific period of time; subrogation entails a substitution, whereas assignment is an outright transfer. See: *Busch* v. *Home Insurance Co.* (N. J. Sup. Ct., 1967), 97 N. J. Super. 54, 234 A. 2d 250; *Wilson* v. *Tennessee Farmers Mutual Insurance Co.* (1966), 219 Tenn. 560, 411 S. W. 2d 699; *Bernardini* v. *Home and Auto Insurance Co.* (1965), 64 Ill. App. 2d 465, 212 N. E. 2d 499; *Demmery* v. *National Union Fire Insurance Co.* (Pa. Sup. Ct. 1967), 210 Pa. Sup. 193, 232 A. 2d 21; *Hospital Service Corporation of Rhode Island* v. *The Pennsylvania Ins. Co.* (1967), 101 R. I. 708, 227 A. 2d 105. It is interesting to note that several of the above cited authorities recognize the dichotomy by specifically holding the assignment of personal injury claims illegal thereby giving even further recognition to the individual distinctiveness of each.

A secondary mode of decision would also be available in that Imel's claim would be one which survives by reason IC 1971, 34-1-1-1, Ind. Ann. Stat. § 2-403 (Burns 1967) thereby embracing the theory represented by *Davenport* v. *State Farm Mutual Automobile Insurance Co.* (1965), 81 Nev. 361, 404 P. 2d 10.

Thus, subrogation is contrary to neither case or statutory law, nor can it be said to be illegal, in this jurisdiction.

Neither can we hold, according to Imel's position, that there is an "unjust enrichment" to the insurance company for collecting the premiums and the monies due to Imel for his medical payments. It has been held that if there is "unjust enrichment" it would flow to Imel in this situation in that the possibility exists for his collecting from the tortfeasor

as well as the insurance company. See: *Shipley* v. *Northwestern Mutual Insurance Co.* (1968), 244 Ark. 1159, 428 S. W. 2d 268.

Imel's argument of lack of mutuality does not sway us for it rests upon taking a single clause from the entire contract, instead of construing the rights and duties of the parties from the whole instrument.

We cannot disagree with Imel's contentions that Indiana law does not allow splitting of causes of action and that Indiana courts favor the settlement of causes of action, however, subrogation does not constitute a splitting of a cause of action in that a dual ownership of a single cause exists (see *Powers* v. *Ellis* [1952], 231 Ind. 273, 108 N. E. 2d 132), nor is authority cited, nor argument made, convincing this court that subrogation frustrates the compromising of law suits.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 919.