565 P.2d 970 (1977)
WESTERN CASUALTY AND SURETY COMPANY, Plaintiff-Appellant,
v.
Roy BOWLING, Defendant-Appellee.
No. 76-462.
Colorado Court of Appeals, Div. III.
May 26, 1977.
Duane O. Littell, Richard L. Everstine, Denver, for plaintiff-appellant.
Frickey, Cairns & Wylder, P. C., Earl S. Wylder, Denver, for defendant-appellee.
BERMAN, Judge.
Western Casualty and Surety Company (Western), appeals from the granting of a motion for summary judgment in favor of Roy Bowling. We reverse and remand for further proceedings.
The facts in this case are not in dispute. Bowling was in an automobile collision and was injured and incurred medical expenses. At the time of the accident, he had a policy issued by Western, which provided medical payment coverage up to $1,000. Bowling *971 demanded payment under the policy for medical expenses, and thereafter was paid by Western in accordance with the policy.
The policy provided that:
"Upon payment under [the medical payments provision] of this policy, the company shall be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the insured person or anyone receiving such payment may have against any person or organization . . . ."
Bowling also made claim against the driver of the other automobile, and, in November 1973, he executed a release to the other driver and received approximately $17,500 as settlement for damages in the aforementioned accident. Thereafter, in January 1975, Western, by virtue of the above provision, demanded reimbursement from Bowling in the amount it had paid Bowling for medical expenses as a result of the accident. The demand was disregarded, and the insurance company commenced this suit.
As framed by the parties, the issue presented on this appeal is whether this medical payment clause is a valid contractual subrogation provision, or an invalid attempt to assign a claim for personal injuries.
Bowling argues that the clause in question violates the public policy of this state in that it, in effect, attempts to assign a claim for personal injuries, and that such an assignment was invalid at common law and is not now expressly sanctioned by statute. Thus, he concludes that Western cannot recover the medical payments made to him on the basis of the above contractual provision. We disagree.
Subrogation and assignment are distinct legal concepts. Subrogation operates only to secure contribution and indemnity, whereas an assignment transfers the whole claim. As stated in 16 G. Couch, Cyclopedia of Insurance Law § 61.92 (2d ed. R. Anderson):
"Subrogation is the substitution of another person in the place of the creditor, so that the person substituted will succeed to the rights cf the creditor in relation to the debtor's claim, and is an act of the law growing out of the relation of the parties to the original contract of insurance, and the natural justice or equities arising from the fact that the insurer has paid the insured, rather than a right depending on the contract. On the other hand, an assignment of a right or claim is the act of the parties to the assignment, dependent upon actual intention, and necessarily contemplates the continued existence of the debt or claim, the whole of which is assigned.
Subrogation presupposes an actual payment and satisfaction of a debt or claim to which the party paying is subrogated, although the remedy is kept alive in equity for the benefit of the payor, while the assignment necessarily contemplates continued existence of the debt or claim assigned."
See Duncan v. Guillet, 62 Colo. 220, 161 P. 299 (1916); Kirkham v. Hickerson Bros. Truck Co., 29 Colo.App. 303, 485 P.2d 513 (1971). Subrogation serves the purpose of limiting the possibility of a double recovery by the insured, and secures "the ultimate discharge of the debt by the one who in equity and good conscience ought to pay it." DeCespedes v. Prudence Mutual Casualty Co., 193 So.2d 224 (Fla.App.1966), aff'd, 202 So.2d 561 (Fla.). See Cobbey v. Peterson, 89 Colo. 350, 3 P.2d 298 (1931).
We hold the clause in question here is a contractual subrogation agreement rather than an assignment of a claim for personal injuries. By its express terms, the insurer is only allowed reimbursement for payments actually made, and we perceive no public policy which precludes the enforcement of such an agreement.
In accord with our holding here, the majority of jurisdictions having decided the issue have upheld the validity of medical payments subrogation clauses, though their reasons for doing so have varied. See Higgins v. Allied American Mutual Fire Insurance Co., 237 A.2d 471 (D.C.Ct.App.1968), *972 which reviews the diverse reasoning relied upon by the courts. Some of the courts sustaining such clauses on the ground that they provide for subrogation and do not constitute an assignment are Traveler's Indemnity Co. v. Rader, 152 W.Va. 699, 166 S.E.2d 157 (1969); National Union Fire Insurance Co. v. Grimes, 278 Minn. 45, 153 N.W.2d 152 (1967); Imel v. Traveler's Indemnity Co., 152 Ind.App. 75, 281 N.E.2d 919 (1972); Alabama Farm Bureau Mutual Casualty Insurance Co. v. Anderson, 48 Ala. App. 172, 263 So.2d 149 (1972). See generally Annot., 19 A.L.R.3d 1054.
Accordingly, the judgment is reversed and the cause is remanded for further proceedings to consider defenses raised by Bowling other than the validity of the clause in question.
PIERCE and STERNBERG, JJ., concur.