No. 80-261

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

ALLSTATE INSURANCE COMPANY, a Corporation,

Plaintiff and Respondent,

vs.

AURELIA REITLER and FARMERS INSURANCE
EXCHANGE, a Reciprocal Insurer,

Defendant and Appellant,

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone.
Honorable Charles Luedke, Judge presiding.

Counsel of Record:

For Appellant:

Crowley, Haughey, Hanson, Toole & Dietrich, Billings,
Montana
Cynthia Ford argued, Billings, Montana

For Respondent:

Fred N. Dugan argued, Billings, Montana

Submitted: April 23, 1981

Decided: May 28, 1981

Filed: MAY 28 1981

*Thomas J. Kearney*

Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Plaintiff, Allstate Insurance Company (Allstate) brought this action in the District Court asserting that it was entitled to subrogation to the extent of payments Allstate had made under a medical payments provision of an automobile policy. Defendants answered by alleging that such subrogation clauses are invalid. Both parties filed a motion for summary judgment. The District Court entered an order granting the plaintiff's motion for summary judgment and denying the motion of the defendants. From this judgment, defendants appeal.

This case arises from an automobile accident which occurred in Billings, Montana, on August 22, 1976. In the accident, an automobile driven by one Beverly Welton was hit from behind by an automobile driven by the defendant, Aurelia Reitler. Welton sustained personal injuries and incurred medical expenses of more than $2,000.

At the time of the accident, Welton was insured by the plaintiff, Allstate. Her policy provided for medical expense coverage in the amount of $2,000. Allstate did pay to Welton the sum of $2,000 for medical expenses. Welton made a claim against Reitler which was settled for $9,500.

During the pendency of the claim, Allstate sent notice of its subrogation interest to Farmers Ins. Exchange (Farmers). Subsequent to receiving this notice, Farmers entered into a settlement with Welton and obtained a release stating that it was released of any and all claims resulting from personal injury to Welton. There was no evidence that Allstate asked its insured, Welton, for reimbursement from the proceeds of the settlement, nor is there any evidence that they intend

to pursue a claim against their insured, Welton.

The Allstate policy provided, in pertinent part, as follows: "Upon payment under (medical expense provision of the policy) Allstate shall be subrogated to the extent of such payment to all of the insured's rights of recovery therefor."

Appellants contend that the subrogation clauses relating to medical payments constitute an assignment of claims belonging to the insured injured person and that such assignment results in the splitting of a single cause of action. Appellants argue that the common law and public policy both prohibit assignment of personal injury claims and the splitting of a single cause of action.

Appellants rely on the case of Coty v. Cogswell (1935), 100 Mont. 496, 50 P.2d 249. In that case one Maude Adams sued Cogswell to recover for personal injuries. During the pendency of the suit Coty commenced an action against Adams based on a promissory note. Coty issued a writ of attachment against the plaintiff Adams, and the sheriff proceeded to attach Adams' cause of action against Cogswell. Although Cogswell knew of the attachment, he proceeded to settle Adams' claim. Later Coty obtained a judgment against Adams which was not satisfied. Coty then sued Cogswell and his insurer, seeking to hold them liable for settling the Adams' action after an attachment had been levied thereon. This Court held that a claim for personal injuries was not assignable and, therefore, not subject to attachment.

Appellants cite the following jurisdictions in support of their position: Harleysville Mutual Insurance Company v. Lea (1966), 2 Ariz. App. 538, 410 P.2d 495, and two subsequent Arizona cases, the latest of which is Allstate Ins. Co. v.

-3-

Druke (1978), 118 Ariz. 301, 576 P.2d 489; Berlinski v. Ovellette (1973), 164 Conn. 482, 325 A.2d 239; Fifield Manor v. Finston (1960), 54 Cal.2d 632, 354 P.2d 1073, 7 Cal.Rptr. 377; State Farm Fire & Cas. Ins. Co. v. Farmers Ins. Exch. (Okla. 1971), 489 P.2d 480; Wrightsman v. Hardware Dealers Mutual Fire Ins. Co. (1966), 113 Ga.App. 306, 147 S.E.2d 860; Travelers Indemnity Company v. Chumbley (Mo.App. 1965), 394 S.W.2d 418; Forsthove v. Hardware Dealers Mutual Fire Ins. Co. (Mo.App. 1967), 416 S.W.2d 208.

Respondent replies by arguing that a subrogation clause is not an assignment of claim. Respondent cites the following cases which have recognized subrogation clauses as being valid: Alabama Farm Bureau Mut. Cas. Ins. Co. v. Anderson (1972), 48 Ala.App. 172, 263 So.2d 149, cert.den., 288 Ala. 538, 263 So.2d 155; Shipley v. Northwestern Mutual Ins. Co. (1968), 244 Ark. 1159, 428 S.W.2d 268; Western Cas. & Sur. Co. v. Bowling (1977), 39 Colo.App. 357, 565 P.2d 970; Higgins v. Allied American Mutual Fire Ins. Co. (1968), 237 A.2d 471; DeCespedes v. Prudence Mutual Casualty Company of Chicago, Illinois (1967), 202 So.2d 561; Maryland Casualty Company v. Plant (1968), 208 So.2d 280; Rinehart v. Farm Bureau Mut. Ins. Co. of Idaho, Inc. (1974), 96 Idaho 115, 524 P.2d 1343; Home Ins. Co. v. Hertz Corp. (1978), 71 Ill.2d 210, 375 N.E.2d 115; Damhesel v. Hardware Dealers Mutual Fire Ins. Co. (1965), 60 Ill.App.2d, 209 N.E.2d 876; Bernardini v. Home & Automobile Insurance Co. (1965), 64 Ill.App.2d 465, 212 N.E.2d 499; Imel v. Travelers Indemnity Company (1972), 152 Ind.App. 75, 281 N.E.2d 919; Mutual Hospital Ins., Inc. v. MacGregor (1977), ___Ind., 368 N.E.2d 1376; City of Detroit v. Bridgeport Brass Company (1970), 28 Mich.App. 54, 184 N.W.2d 278; Travelers Indemnity Co. v. Vaccari (1976), 310

Minn. 97, 245 N.W.2d 844; Davenport v. State Farm Mutual Automobile Ins. Co. (1965), 81 Nev. 361, 404 P.2d 10; Anderson v. Allstate Insurance Company (1966), 266 N.C. 309, 145 S.E.2d 845; Schuldt v. State Farm Mut. Auto. Ins. Co. (1975), 89 S.D. 687, 238 N.W.2d 270; Smith v. Motor Club of America Ins. Co. (1959), 54 N.J.Super. 37, 148 A.2d 37; Motto v. State Farm Mutual Automobile Insurance Co. (1969), 81 N.M. 35, 462 P.2d 620; Jacobson v. State Farm Mutual Automobile Ins. Co. (1971), 83 N.M. 280, 491 P.2d 168; Miller v. Liberty Mutual Fire Insurance Co. (1965), 264 N.Y.S.2d 319; Smith v. Travelers Ins. Co. (1977), 50 Ohio St.2d 43, 362 N.E.2d 264; Geertz v. State Farm Fire and Casualty (1969), 253 Or. 307, 451 P.2d 860; Bradford v. American Mutual Liability Insurance Co. (1968), 213 Pa.Super.Ct. 8, 245 A.2d 478; Demmery v. National Union Fire Insurance Company (1967), 210 Pa.Super.Ct. 193, 232 A.2d 21; Hospital Service Corp. of R.I. v. Pennsylvania Ins. Co. (1967), 101 R.I. 708, 227 A.2d 105; Wilson v. Tennessee Farmers Mutual Insurance Co. (1967), 219 Tenn. 560, 411 S.W.2d 699; Foundation Reserve Insurance Company v. Cody (Tex. 1970), 458 S.W.2d 214; State Farm Mut. Ins. Co. v. Farmers Insurance Exch. (1969), 22 Utah 2d 183, 450 P.2d 458; State Farm Mut. Ins. Co. v. Farmers Insurance Exch. (1972), 27 Utah 2d 166, 493 P.2d 1002; Collins v. Blue Cross of Virginia (1973), 213 Va. 540, 193 S.E.2d 782; Metropolitan Life Insurance Company v. Ritz (1967), 70 Wash. 2d 317, 422 P.2d 780; Travelers Indemnity Company v. Rader (1969), 152 W.Va. 679, 166 S.E.2d 157; State Farm Mutual Automobile Ins. Co. v. Geline (1970), 48 Wis.2d 290, 179 N.W.2d 815; Associated Hosp. Serv. v. Milwaukee Auto. Mut. I. Co. (1967), 33 Wis.2d 170, 147 N.W.2d 225.

Most of the cases cited by the respondent involve situations where the insurance company sued its own insured

to recover medical payments advanced or where the insured brought an action against the insurance company to collect medical payments coverage.

The rationale expressed in cases cited by respondent varies. Some of the cases hold that the "subrogation" provision in the insurance policy is not an assignment of a cause of action, but rather simply impresses an equitable lien upon the proceeds of any settlement. Some of the cases are from jurisdictions where assignment of claims is specifically authorized by statute. In other of the cases there was evidence that the subrogation provision in the medical pay portion of the insured's policy resulted in a reduction of premium to the insured. Some decisions are premised upon the fact that the insured, in settling the case with a tort-feasor, breached the cooperation clause in the policy.

We hold that medical payment subrogation clauses are invalid. In doing so, we are mindful that this Court is joining a minority of jurisdictions so holding. However, the public policy considerations militate in favor of such a result.

First, the insured has paid a premium for medical payments coverage. This Court has previously given great weight to such a consideration in allowing stacking of insurance policies. See Kemp v. Allstate Ins. Co. (1979), ___ Mont. ___, 601 P.2d 20, 36 St.Rep. 1381. The allegation that the insured will make a double recovery in the absence of medical payments subrogation is not persuasive for the insured has paid for that additional coverage.

Second, the injured person is the one likely to suffer most if medical payments received must be repaid out of a third-party recovery. The one injured bears the cost of

-6-

suit including attorney fees and litigation expenses. Yet under a subrogation clause the insurer collects 100 percent of payments made with no corresponding obligation for expenses. Furthermore, the injured person often must compromise the personal injury claim, either because of liability problems or because of limited coverage carried by the tortfeasor. Yet under subrogation the plaintiff's insurer makes a full recovery.

Third, the tortfeasor's carrier may consider that the injured person has already been paid medical expenses and can make a smaller offer which allows for such payment having been previously made. If a subrogation interest must then be repaid, the injured party may recover nothing for medical expenses.

Montana has long opposed the assignment of personal injury claims. Coty v. Cogswell, supra. Whether an insurance policy provides for subrogation (as in this case) or provides that the carrier has a lien on the proceeds of an insured's third-party recovery, that policy has the effect of assigning a part of the insured's right to recover against a third-party tortfeasor. We hold that such an assignment is invalid.

Summary judgment entered in favor of respondent Allstate Insurance Company is set aside. We remand the case to the District Court with directions to enter judgment for the appellants, Aurelia Reitler and Farmers Insurance Exchange.

Justice

We concur:

_Frank J. Haswell_
Chief Justice

_John Conway Harrison_

_Daniel J. Shea_

_____
Justices