BOARD OF TRUSTEES OF the MONTANA TEAMSTERS EMPLOYERS, Plaintiffs,

v.

James COYNE, Mark Simon, Sr., Thomas Cash, Dale Tracer, Donald Rotsinger, Sr., and Michael McGree, Defendants.

No. CV–85–210–GF.

United States District Court, D. Montana, Great Falls Division.

Jan. 30, 1986.

Bruce McKenzie, Donaldson & Kiel, P.S., Seattle, Wash., Maxon R. Davis, Cure, Borer & Davis, Great Falls, Mont., for plaintiffs.

Thomas F. Joyce, Burgess, Joyce & Whelan, Butte, Mont., for defendants.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

The Montana Teamsters Employers Trust Fund ("Trust"), an employee welfare-benefit plan created under Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C.A. § 186(c)(5), is a welfare plan within the meaning of the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C.A. § 1002(3). The plaintiffs, as trustees of the Trust, seek a declaration that ERISA preempts the application of the common law of Montana, regarding the validity of medical benefit subrogation clauses, to the facts of this controversy.

The defendants, who are individual participants of the Trust, challenge the position asserted by the Trustees with respect to the preemptive effect of ERISA under the circumstances presented. All parties move for summary judgment.

The parties agree that because the common law of Montana regarding subrogation rights would "relate to" an ERISA covered plan within the meaning of Section 514(a) of ERISA, 29 U.S.C.A. § 1144(a), application of that law to an ERISA covered plan would, as a general rule, be preempted.

The issue to be determined in the matter *sub judice*, however, is whether the "insurance savings" clause, Section 514(b)(2)(A) of ERISA, 29 U.S.C.A. § 1144(b)(2)(A), which excepts state law regulating insurance from the preemptive umbrella of Section 514(a), is applicable to the subrogation requirement at issue in this controversy. Resolution of the issue as framed by the parties is controlled by application of the decision recently enunciated by the Supreme Court in *Metropolitan Life Insurance Co. v. Massachusetts*, — U.S. —, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985) to the facts of this case.

The determination of whether application of Montana common law is preempted requires analysis of three provisions of ERISA that were central to the rationale espoused in *Metropolitan*. Section 514(a) provides that ERISA "shall supersede any and all State laws insofar as they relate to any employee benefit plan." Subsection (b)(2)(A), otherwise known as the "insurance savings" clause, provides that "ERISA shall not be construed to exempt or relieve any person from any law of any state which regulates insurance...." The "insurance savings" clause is in turn limited by subsection (b)(2)(B), the "deemer" clause, which provides that an employee benefit plan shall not be deemed to be an insurance company for purposes of ERISA.

The benefits provided through the Trust are insured pursuant to a group insurance policy issued by the Occidental Life Insurance Company of California ("Occidental"). That policy contains a subrogation provision with respect to benefits for medical expenses, which, under normal circumstances, the parties agree, would be void under Montana law. *See, Allstate Insurance Company v. Reitler,* — Mont. —, 628 P.2d 667 (1981). Viewing the *Reitler* decision as a "law ... which regulates insurance" within the meaning of the "insurance savings" clause, the defendant participants contend that application of the rule of *Reitler* to the subrogation requirement attendant the benefits received through the Trust is excepted, by Section 514(b)(2)(A),

from the broad preemptive provisions of ERISA.

The Trustees, on the other hand, contend the "deemer" clause operates to preclude application of the *Reitler* rule to the subrogation requirement at issue. The Trustees premise their position upon the contention that the subrogation requirement attendant benefits received from the Trust is a policy established by the Trustees, a fact which distinguishes the present case from the situation addressed in *Metropolitan*. The Trustees submit the subrogation provision in the Occidental policy itself is simply irrelevant to the issue presented.

A critical aspect of the decision in *Metropolitan* is the fact that the plan at issue was an "insured" plan. The court held that ERISA did not preempt the application of state law regulating insurance to policies sold by an insurance company to an ERISA qualified plan. *Metropolitan Life Ins. Co. v. Massachusetts*, —— U.S. ——, 105 S.Ct. at 2389–2392. The Court was not presented with the issue of whether the application of that same state regulatory law to a "self-insured," or "uninsured," plan would be precluded by the "deemer" clause. *Id.*, 105 S.Ct. at 2387 n. 14. The Fifth Circuit Court of Appeals has recently held, however, that the "deemer" clause does serve to preclude application of a state regulatory law, essentially identical to the law at issue in *Metropolitan*, to self-insured plans. *Children's Hospital v. Whitcomb*, 778 F.2d 239 (5th Cir.1985.)

Review of the instant record reveals the Trust is properly characterized as an "insured" plan. The Trustees seek to impress upon the court that the insured-uninsured dichotomy, however, is not in itself determinative of the issue whether the "deemer" clause serves to preclude application of the *Reitler* rule to this case. Rather, the Trustees submit, the court must ascertain whether the subrogation requirement at issue has its genesis in the Occidental policy or in the agreement establishing the Trust itself. The Trustees suggest, in essence, that if the subrogation provision is included in the policy at the behest of the Trustees,

the "deemer" clause becomes operative, thereby negating operation of the "insurance savings" clause. The Trustees attempt to bolster their analysis by emphasizing the fact that it is the Trust which benefits, in the long run, from the increase in the return on premiums it realizes through a reimbursement process extant under the policy.

On the basis of the facts before it, this court is unpersuaded by the Trustees' efforts to distinguish the present case from the situation presented in *Metropolitan*. The decision in *Metropolitan* is predicated upon the court's conclusion that Congress did not intend to preempt areas of traditional state regulation. The distinction the Trustees attempt to draw between the mandatory mental health benefits statutes at issue in *Metropolitan*, and the common law at issue in the case at bar, is illusory, given the nature of the subrogation requirement in dispute.

The subrogation requirement was imposed upon the participants pursuant to the contract of insurance purchased from Occidental. That conclusion is borne out by the fact that the operative provision provided that Occidental would be "reimbursed by the insured person." Undoubtedly, the Trust, as would be expected, benefits from the subrogation requirement in the form of reduced premiums which are ultimately realized through the receipt of "experience refunds." The Court in *Metropolitan*, however, implicitly rejected that precise argument as the basis for application of the "deemer" clause when it concluded that the mandatory mental health statute at issue was not preempted by Section 514(a) of ERISA.

As was the case in *Metropolitan* with respect to the mandatory mental health statute, the common law extant in Montana regarding medical benefit subrogation clauses regulates an integral part of the relationship between the insurer and the policyholder, by limiting the type of insurance that an insurer may sell to the policyholder. Congress, however, in enacting the "insurance savings" clause, has seen fit to

allow the several states to retain their traditional role in regulating insurance, even though that regulation touches upon welfare benefit plans within the purview of ERISA. Although the logic of the distinction created by the "deemer" clause with respect to "insured" and "uninsured" plans may escape this court, any change designed to remove the distinction must emanate from Congress, not the courts.

For the reasons set forth herein,

IT IS HEREBY ORDERED that the defendants' motion for summary judgment be, and the same hereby is, GRANTED.