**KENNECOTT CORPORATION,**
**Plaintiff and Appellee,**

v.

**STATE TAX COMMISSION OF UTAH**
**and Salt Lake County, Defendants**
**and Appellants.**

No. 920149.

Supreme Court of Utah.

Oct. 27, 1993.

James B. Lee, Kent Winterholler, Salt Lake City, for Kennecott.

R. Paul Van Dam, Atty. Gen., Joseph T. Dunbeck, Jr., Asst. Atty. Gen., Salt Lake City, for Tax Com'n.

David E. Yocum, Karl L. Hendrickson, Bill Thomas Peters, Salt Lake City, for the County.

HALL, Chief Justice:

Defendants Salt Lake County (the "County") and State Tax Commission of Utah (the "Commission") appeal from an order of summary judgment issued by the Third Judicial District Court in favor of plaintiff Kennecott Corporation ("Kennecott"). We reverse.

## I. FACTS

The material facts in this case are not in dispute. On May 24, 1983, Kennecott received a notice of assessment from the Commission informing Kennecott of its property tax 'liability (the "assessment") for 1983. Kennecott filed a timely objection to the assessment pursuant to Utah Code Ann. § 59–7–12[1] and paid its taxes for 1983 under protest.

The assessment was based on Utah Code Ann. § 59–5–109,[2] now repealed. That section allowed counties to tax locally assessed property at a lower rate than state-assessed property. Before the Commission, Kennecott claimed that the assessment violated article XIII, sections 2 and 3 of the Utah Constitution[3] because it taxed Kennecott's state-assessed property at a higher rate. That action, Kennecott alleged, violated article XIII's prohibition against unequal taxation of property in Utah.

After an informal hearing on the issue in 1983, the Commission denied Kennecott's petition to reduce the assessment. Before a formal hearing was held on the matter, this court decided *Rio Algom Corp. v. San Juan County*.[4] In *Rio Algom*, we determined that section 59–5–109 violated article XIII, sections 2 and 3 of the Utah Constitution and was therefore unconstitutional.[5] We also declared that our decision rendering section 59–5–109 unconstitutional would be prospective and effective on January 1, 1984, for all except the six plaintiffs before the court in that case.[6] As to those plaintiffs, the unconstitutionality of the statute would be retroactive.[7]

At the formal hearing before the Commission on September 11, 1984, Kennecott again argued that the assessment violated its rights under article XIII, sections 2 and 3 and that the *Rio Algom* case should apply to it as well because its claim was pending before the Commission at the time *Rio Algom* was decided. On June 27, 1985, the Commission issued a final decision sustaining the assessment. In its decision, the Commission interpreted *Rio Algom* as ap-

1. Section 59–7–12 (Supp.1983) reads in pertinent part:
   If the owner of any property assessed by the state tax commission ... objects to the assessment, [it] may, before the tenth day of April, apply to the commission for a hearing.

2. Utah Code Ann. § 59–5–109 (1981) (repealed 1984) reads:
   All locally assessed taxable real property shall be appraised at current fair market value and the value of such property rolled back to its January 1, 1978, level as such level is determined by the state tax commission.
   This provision allowed locally assessed properties to receive a "roll back" in value from their present market values to 1978 values.

3. Utah Constitution article XIII, section 2 reads in relevant part:
   (1) All tangible property in this state, not exempt under the laws of the United States, or under this Constitution, shall be taxed at a uniform and equal rate in proportion to its value, to be ascertained as provided by law.
   Article XIII, section 3 states in pertinent part:
   (1) The Legislature shall provide by law a uniform and equal rate of assessment on all tangible property in the state, according to its value in money.... The Legislature shall prescribe by law such provisions as shall secure a just valuation for taxation of such property, so that every person and corporation shall pay a tax in proportion to the value of his, her, or its tangible property....

4. 681 P.2d 184 (Utah 1984).

5. *Id.* at 195.

6. *Id.* at 196.

7. *Id.*

plying retroactively only to the six plaintiffs in that case and not to Kennecott.

On November 24, 1985, Kennecott filed suit in district court to recoup the amount of tax paid under protest. Kennecott raised the same argument in district court as it raised before the Commission. The Commission filed a motion to dismiss, claiming that *Rio Algom*'s prospective application meant that section 59–5–109 was still valid as to Kennecott's 1983 assessment. The district court denied the Commission's motion, determining that the Commission was wrong in its conclusion that *Rio Algom* barred Kennecott's claim for overpayment of taxes.

The district court then remanded the case to the Commission to determine the amount of tax money that Kennecott should be refunded. After the Commission determined that amount in August 1990, the district court granted Kennecott's motion for partial summary judgment as to the assessment. This appeal by the County and the Commission followed.

## II. STANDARD OF REVIEW

■ The district court's determination that *Rio Algom* does not bar Kennecott's claim is a legal conclusion. We accord a trial court's legal conclusions no deference but review them for correctness.[8]

## III. INTERPRETING *RIO ALGOM*

■ Defendants claim that the district court erred when it determined that Kennecott was entitled to the same relief granted to the six plaintiffs in *Rio Algom*. They argue that *Rio Algom* specifically affords retroactive relief only for the litigants in that case and that it is otherwise prospective.[9] Kennecott asserts that *Rio Algom* did not reach the issue of whether litigants with claims pending at the time the case was decided could also benefit from the

decision and that the decision therefore does not preclude us from determining that Kennecott may so benefit.

The decision reached by the court in *Rio Algom* bars all claims arising before the decision's operable date, including Kennecott's claim. As we stated there:

> [W]e direct that our holding of unconstitutionality be prospective and effective only from and after January 1, 1984. As to the six plaintiff-taxpayers who are parties to this appeal, however, this decision shall be retroactive for the year for which this suit for refund was brought.[10]

Hence, the opinion's plain language dictates that it apply only to those litigants and only for 1981, the tax year for which the suit in *Rio Algom* was brought. Because Kennecott was not a party to that case and seeks redress for the 1983 tax year instead of 1981, it cannot partake of the relief provided the *Rio Algom* plaintiffs.

Kennecott's claim that *Rio Algom* did not contemplate providing relief to those with claims pending and thus is not dispositive on that issue is not borne out by the case. In *Rio Algom*, we discussed explicitly the various ways of effectuating our determination that section 59–5–109 was unconstitutional:

> [I]n cases holding that state taxes or assessment procedures were unconstitutional, numerous state courts have directed that their holdings should have only prospective effect.
>
> . . . .
>
> ... [S]ome decisions that give only prospective effect to a holding of unconstitutionality as to all other parties give the holding retroactive effect as to the litigants or others who have litigation pending.[11]

This statement reveals that we were cognizant of the various available options for

---

**8.** *Alf v. State Farm Fire & Casualty Co.*, 850 P.2d 1272, 1274 (Utah 1993); *Clover v. Snowbird Ski Resort*, 808 P.2d 1037, 1040 (Utah 1991).

**9.** The type of relief afforded the *Rio Algom* plaintiffs, where the holding of the case is appli-

cable to them but is otherwise prospective, is referred to as "selective prospectivity."

**10.** *Rio Algom*, 681 P.2d at 196.

**11.** *Id.* (citations omitted).

applying our holding in *Rio Algom* and specifically rejected its application to "others who [had] litigation pending." [12] Therefore, *Rio Algom* is controlling on the issue and specifically excludes Kennecott's claim.

Alternatively, Kennecott asks this court to reject the selective-prospectivity approach used in *Rio Algom* and instead to adopt an approach in which a new rule of law will always be applied retroactively to other litigants. In support of this argument, Kennecott cites *James B. Beam Distilling Co. v. Georgia*, [13] in which a plurality of the United States Supreme Court rejected the use of selective prospectivity in a tax case.

In *Beam*, the plaintiff, a Kentucky bourbon manufacturer, brought an action against the state of Georgia, alleging that a Georgia statute that imposed an excise tax on imported alcohol at double the rate of the tax on alcohol manufactured from Georgia-grown products violated the Commerce Clause [14] of the United States Constitution. [15] Shortly before plaintiff Beam brought its case, the Supreme Court, in *Bacchus Imports, Ltd. v. Dias*, [16] struck down as unconstitutional a Hawaii statute that similarly differentiated between imported and local alcoholic products. In *Beam*, the Georgia Supreme Court affirmed the trial court's determination that the tax scheme violated the Commerce Clause and that the statute's invalidation would be applied prospectively only. [17] In a decision that includes five separate opinions, the Supreme Court reversed the state court's holding as to prospectivity and instead held that the *Bacchus* decision applied retroactively to the plaintiff in *Beam*. [18]

Although the *Beam* plurality retroactively applied a decision invalidating a statute to a similarly situated litigant, this court is not bound to do the same. As Justice Souter noted in the lead opinion, "[S]ince the question is whether the court should apply the old rule or the new one, retroactivity is properly seen in the first instance as a matter of choice of law, 'a choice ... between the principle of forward operation and that of relation backward.'" [19] That choice, Justice Souter continued, "is a *federal* one where the rule at issue itself derives from *federal law*, constitutional or otherwise." [20] It follows from that analysis that when the rule involved is one of state law, as is the case here, the decision of prospectivity or retroactivity belongs to the state. [21] Moreover, Justice Souter's opinion was based on "stare decisis and the rule of law generally[,]" as opposed to any constitutional provision. [22] *Beam* therefore

12. *Id.*

13. 501 U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991).

14. U.S. Const. art. I, § 8, cl. 3.

15. *Beam*, 501 U.S. at —— – ——, 111 S.Ct. at 2441–42, 115 L.Ed.2d at 486.

16. 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984).

17. *Beam*, 501 U.S. at —— – ——, 111 S.Ct. at 2441–43, 115 L.Ed.2d at 486–87.

18. *Id.* at —— – ——, 111 S.Ct. at 2441–42, 115 L.Ed.2d at 486.

19. *Id.* at —— – ——, 111 S.Ct. at 2442–43, 115 L.Ed.2d at 487 (quoting *Great N. Ry. v. Sunburst Oil & Ref. Co.*, 287 U.S. 358, 364, 53 S.Ct. 145, 148, 77 L.Ed. 360 (1932)).

20. *Id.* at —— – ——, 111 S.Ct. at 2443–44, 115 L.Ed.2d at 488 (emphasis added).

21. In *Harper v. Virginia Department of Taxation*, —— U.S. ——, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), the Supreme Court followed *Beam* and acknowledged that *Beam* spoke only to a situation in which federal law was involved. The Court stated:

> Beam controls this case, and we accordingly adopt a rule that fairly reflects the position of a majority of Justices in *Beam:* When this Court applies a rule of *federal law* to the parties before it, that rule is the controlling interpretation of *federal law* and must be given full retroactive effect in all cases still open on direct review....

—— U.S. at ——, 113 S.Ct. at 2517 (emphasis added).

22. *Beam*, 501 U.S. at —— – ——, ——, 111 S.Ct. at 2444–45, 2446, 115 L.Ed. at 489, 491.

provides no constitutional rule that would mandate our adherence.[23]

This court has developed a sound theoretical framework for determining when a new rule of law in a civil case will be applied retroactively. In *Van Dyke v. Chappell*,[24] we noted that retroactive or prospective operation is not a question of judicial power but instead depends "solely upon an appraisal of the relevant judicial policies to be advanced."[25] We stated that in making the determination,

> we look to the impact retroactive application would have on those affected. When we conclude that there has been justifiable reliance on the prior state of the law or that the retroactive application of the new law may otherwise create an undue burden, the court may order that a decision apply only prospectively.[26]

We think that our framework is sound and decline to abandon it for the analysis set forth by the *Beam* plurality.

Applying the above test to the facts in this case makes it clear that retroactivity would not be appropriate. As we stated above, allowing recovery would be contrary to the holding in *Rio Algom*. Moreover, the County relied justifiably on its belief that section 59-5-109 was valid when it collected taxes from Kennecott and other taxpayers. To permit Kennecott and unknown others to collect taxes paid before the statute was declared unconstitutional would place an undue and unexpected financial burden on the County. For the foregoing reasons, the trial court's decision that *Rio Algom* does not preclude Kennecott from seeking a tax refund is incorrect and must be reversed.

## IV. CONSTITUTIONALITY OF SELECTIVE PROSPECTIVITY

Kennecott asserts that allowing the *Rio Algom* plaintiffs to recoup for an unconstitutional tax assessment but denying it relief will violate its rights to due process and equal protection under the United States and Utah Constitutions. The record of the proceedings below does not indicate that Kennecott raised either an equal protection challenge under the federal or the state constitution or a separate due process claim under the Utah Constitution. Because those claims were not raised before the trial court, we will not consider them on appeal.[27] We therefore address only Kennecott's claim under the Due Process Clause of the United States Constitution.

In support of its due process claim, Kennecott cites the United States Supreme Court case of *McKesson Corp. v. Division of Alcoholic Beverages & Tobacco*.[28] In *McKesson*, the Florida Supreme Court held that the state's liquor tax scheme violated the Commerce Clause but refused to grant a refund to the plaintiff McKesson for tax-

---

23. The Colorado Supreme Court recently reached the same conclusion as we do today. In *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100 (Colo.1992), the court, in declining to adopt the reasoning in *Beam*, stated:

> [W]e could employ Justice Souter's analysis and conclude that, as a matter of state law, once a new rule of substantive law ... is applied to litigants before the court, it must be applied to all others not barred by procedural requirements or res judicata. We decline, however, to follow such a course. Because we deal in this case with the issue of retroactive application of a state judicial decision announcing a rule of tort law and not a rule deriving from federal constitutional or statutory law, we continue to adhere to the *Chevron* [*Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) ] analysis in resolving the issue of retroactive or prospective application of the state judicial decision.

*Id.* at 112 n. 7.

24. 818 P.2d 1023 (Utah 1991).

25. *Id.* at 1025; *see also Malan v. Lewis*, 693 P.2d 661, 676 (Utah 1984) (on petition for rehearing); *Loyal Order of Moose, # 259 v. County Bd. of Equalization*, 657 P.2d 257, 264 (Utah 1982).

26. *Van Dyke*, 818 P.2d at 1025 (citing *Loyal Order of Moose*, 657 P.2d at 265; *State Farm Mut. Ins. Co. v. Farmers Ins. Exch.*, 27 Utah 2d 166, 168–69, 493 P.2d 1002, 1003 (1972)). Indeed, in *Rio Algom* itself, we considered the effect of retroactive application and decided to apply the decision only to the six plaintiffs there. *Rio Algom*, 681 P.2d at 195–96.

27. *Ong Int'l (U.S.A.), Inc. v. 11th Ave. Corp.*, 850 P.2d 447, 455 (Utah 1993); *Espinal v. Salt Lake City Bd. of Educ.*, 797 P.2d 412, 413 (Utah 1990).

28. 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990).

es paid pursuant to the unconstitutional tax.[29] The United States Supreme Court reversed, holding that the Due Process Clause of the Fourteenth Amendment mandates that the state provide some relief to rectify the unconstitutional deprivation of the taxes the petitioner paid under protest.[30]

*McKesson* is inapplicable here. In *McKesson*, the Court repeatedly stated that its decision was based on Florida's violation of the Commerce Clause.[31] In this case, the tax scheme was stricken as a violation of the Utah Constitution's prohibition against unequal taxation. No federal law was involved. This court has repeatedly recognized that "[t]he purely prospective application of a state court decision overruling prior authority in a civil case [involving state law] violates no right under the United States Constitution." [32] Thus, federal law does not govern the question of whether a state court decision involving state law should be applied retroactively or prospectively.[33]

Our conclusion is supported by the oft-cited case of *Great Northern Railway v. Sunburst Oil & Refining Co.*,[34] in which the Supreme Court determined that a state court's refusal to make a ruling retroactive did not violate the Due Process Clause of the United States Constitution. In so holding, Justice Cardozo stated:

[T]he Federal Constitution has no voice upon the subject [of retroactivity versus prospectivity]. A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. . . .

The choice for any state may be determined by the juristic philosophy of the judges of her courts, their conceptions of law, its origin and nature. We review, not the wisdom of their philosophies, but the legality of their acts.[35]

We find no violation of the United States Constitution's due process guarantee.

Moreover, *McKesson* involved a situation in which a plaintiff successfully challenged a tax scheme but was being denied a remedy by the state.[36] Thus, the plaintiff had an actual right to recover and was being denied an adequate remedy.[37] Here, Kennecott seeks to recover money it paid for the 1983 tax year. Unlike the plaintiff in *McKesson*, Kennecott has no right to a remedy because the decision invalidating section 59–5–109 did not take effect until January 1, 1984, after its taxes for 1983 became due.[38]

For the foregoing reasons, we hold that Kennecott is not entitled to the relief afforded the *Rio Algom* plaintiffs. The decision of the trial court is therefore reversed.

HOWE, Associate C.J., DURHAM and ZIMMERMAN, JJ., and BILLINGS, Court of Appeals Judge, concur.

---

**29.** *Id.* at 25–26, 110 S.Ct. at 2244–45.

**30.** *Id.* at 31, 110 S.Ct. at 2247.

**31.** *Id.* at 32, 43, 48, 110 S.Ct. at 2247–48, 2253–54, 2256.

**32.** *Rio Algom,* 681 P.2d at 195 (citing *Great N. Ry.*); *see also Malan,* 693 P.2d at 676; *Andrews v. Morris,* 677 P.2d 81, 88 (Utah 1983); *Loyal Order of Moose,* 657 P.2d at 264. Other states concur in this analysis. *See People in re C.A.K.,* 652 P.2d 603, 607 (Colo.1982); *Sharp v. State,* 250 Kan. 408, 827 P.2d 12, 16 *cert. denied,* —— U.S. ——, 113 S.Ct. 194, 121 L.Ed.2d 137 (1992).

**33.** *See Beam,* 501 U.S. at —— – ——, 111 S.Ct. at 2443–44, 115 L.Ed.2d at 488; *Martin Marietta,* 823 P.2d at 112 & n. 7; *People v. Carrera,* 49 Cal.3d 291, 261 Cal.Rptr. 348, 369–71, 777 P.2d 121, 142–43 (1989), *cert. denied,* 495 U.S. 911, 110 S.Ct. 1938, 109 L.Ed.2d 301 (1990).

**34.** 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932).

**35.** *Id.* at 364–65, 53 S.Ct. at 148–49.

**36.** *McKesson,* 496 U.S. at 22, 110 S.Ct. at 2242–43.

**37.** *See Beam,* 501 U.S. at —— – ——, 111 S.Ct. at 2442–44, 115 L.Ed.2d at 487–88 (describing *McKesson* as a case in which the issue concerns only the appropriate remedy to apply).

**38.** *See Rio Algom,* 681 P.2d at 196.

STEWART, J., having disqualified himself, does not participate herein; BILLINGS, Court of Appeals Judge, sat.