HOME INSURANCE COMPANY *v.* LACK.

4-5185                                    120 S. W. 2d 355.

Opinion delivered October 17, 1938.

Luther H. Cavaness, for appellant.

MEHAFFY, J. W. C. Wilbanks was the owner of a Plymouth car, and the appellant, Home Insurance Company, issued a policy of insurance covering loss and damages to the car as a result of accidents and collisions.

The appellees were the owners and operators of a truck which collided with Wilbank's Plymouth car, causing damage to the same.

The Home Insurance Company and W. C. Wilbanks filed their complaint in the Marion circuit court in which it was alleged that the Home Insurance Company was a corporation engaged in the business of insuring automobile owners against loss and damages to their cars as a result of accidents and collisions. The Home Insurance Company is duly licensed and authorized to do business in the state of Arkansas; that the Home Insurance Company was the insurer of one 1936 Plymouth four-door automobile, the property of one W. C. Wilbanks as evidenced by its policy then effective and outstanding, having been issued by the said Home Insurance Company. It was alleged that on July 13, 1936, W. C. Wilbanks was driving his car in a lawful manner with due caution and circumspection and with careful regard to the rights and safety of others; that a truck driven by appellees negligently struck Wilbanks' car and damaged it in the sum of $200; that the Home Insurance Company was forced to pay $125.24 as part damages to the Plymouth car, and that W. C. Wilbanks, plaintiff, suffered a loss and damage to the amount of $74.76, in excess of that paid by the insurance company, making a total damage of $200 suffered by plaintiffs.

Plaintiffs asked judgment for $200 and all other relief. Afterwards the appellees filed a demurrer and answer. The court sustained the demurrer, holding that the

Home Insurance Company was not a proper party to the suit, and ordered the name of the Home Insurance Company stricken from the complaint. This appeal seeks to reverse the judgment of the lower court holding that the insurance company was not a proper party to the suit.

Appellant argues that the demurrer was not filed in time; that appellees had waived their right of demurrer; but we do not think it necessary to discuss or decide these questions.

Appellant alleged in its complaint that it was compelled to pay $125.24 under its policy to Wilbanks; that the damages exceeded the amount of insurance by $74.76.

The only question to be determined is whether the insurance company was a proper party to the suit.

Section 1305 of Pope's Digest reads: "Every action must be prosecuted in the name of the real party in interest except as provided in §§ 1307, 1309 and 1310."

Sections 1307, 1309 and 1310 provide for substitution of a party where assignment is made *pendente lite,* and suits by foreign executors and administrators, and suits where the state is a party; so that so far as this case is concerned, under the law it must be prosecuted in the name of the real party in interest.

Section 1311 of Pope's Digest reads: "All persons having an interest in the subject of an action, and in obtaining the relief demanded may be joined as plaintiffs, except where it is otherwise provided."

In this case it is shown by the complaint that the insurance company was interested in the subject of the action. The insurance company alleges that it had issued its policy, and was forced to pay under the terms of the policy $125.24. It certainly had that much interest in the subject of the action.

It was contended in a case in the Circuit Court of Appeals in Ohio that while the right of subrogation may be enforced in equity or in admiralty in his own name, in courts of common law the right can be enforced only in the name of the insured. The court held that under the strict rules of the common law the right must be in the name of the insured; but the court said: "Turn-

ing to the statutes of Ohio, we find that an action must be prosecuted in the name of the real party in interest, with certain exceptions not applicable here. In several cases statutes similar to that in Ohio have been expressly held to give the right of action at law in the name of the assurer." *Travelers Ins. Co.* v. *Great Lakes Eng. Works Co.,* 184 Fed. 426, 36 L. R. A., 'N. S. 60.

The court in that case also said: "The rule is well settled in fire insurance as well as in marine insurance, that the insurer, upon paying to the assured the amount of a loss on the property insured, is subrogated in a corresponding amount to the assured's right of action against any other person responsible for the loss; this right of the insurer against such other person not resting upon any relation of contract or of privity between them, but arising out of the nature of the contract of insurance as a contract of indemnity, derived from the assured alone, and enforceable in his right only." *Travelers Ins. Co.* v. *Great Lakes Eng. Wks. Co., supra.*

Our statute should be liberally construed. On the construction of statutes, the Mississippi Supreme Court said: "That rule of construction should be adopted which will most speedily and economically bring litigation to an end, if at the same time it conserves the ends of justice. There is nothing to be gained in splitting up the rights of an injured party as in this case, and much may be saved if one action is made to cover the subject." *Underwriters At Lloyd's Ins. Co.* v. *Vicksburg Traction Co.,* 106 Miss. 244, 63 So. 455, 51 L. R. A., N. S. 319.

This court said: "The insurance companies by virtue of the assignment to them of a portion of the right of actions are possessed of an interest in the subject-matter in controversy, and are therefore necessary parties. Cobbs, the other plaintiff, was a necessary party, not only from the fact that he was an owner of an interest in the subject-matter of this controversy, but also for the reason that he was assignor of that part of the cause of action which was assigned to the insurance companies, and since it is a right of action not assignable under our statute, the assignor was a necessary party to a suit to

recover. Under the statute cited above, only agreements or contracts in writing are assignable, and the cause of action in the present instance was not based on an agreement in writing. The insurance company succeeded by the assignment, to the right of action by Cobbs for the recovery of unliquidated damages on account of the wrongful act of the railway company." *C. R. I. & P. Ry. Co.* v. *Cobbs,* 151 Ark. 207, 235 S. W. 995.

It appears in that case that the insurance company had not paid the assured, but that the assured had assigned to the insurance company a cause of action which was not assignable by statute. The court held that it had a right to be made a party because it was interested in the subject of the action.

In the instant case, there is no evidence of any assignment, but the allegation is that the insurance company had paid the insured the amount due under its policy. This did not include the entire damage to the car, but left an amount of $74.76 as stated above, due Wilbanks. They were, therefore, both interested, and under our statute were proper parties.

"Under a statute providing that an action must be prosecuted in the name of the real party in interest, it has been held that an insurer could enforce in his own name, in an action at law, its right to subrogation against a person whose fault was the cause of an injury on which the loss paid by the insurer was based." 36 C. J. 1119.

As a general rule any person who, pursuant to a legal obligation to do so, has paid even indirectly for a loss or injury resulting from the wrong or default of another, will be subrogated to the rights of the creditor or injured person against the wrongdoer or defaulter. 60 C. J. 728.

In the instant case the plaintiff Wilbanks had a cause of action for damages which it was claimed amounted to $200. The insurance company, plaintiff, had paid $125.24 under its policy. Each of them was, therefore, interested in the subject of the action, and each might have brought separate suits; but it was proper to bring the suits as they did because, as to the appellees, the cause of action

against them, as alleged in the complaint, was damages for their wrongful conduct.

The evidence of the injury and damages would be the same as to each plaintiff, and there would be no reason for requiring separate suits to be brought. Moreover, in many instances where a party brings suit on a cause of action not assignable under our statute, he must make the assignor or original claimant a party.

The insurance company was a proper party plaintiff, and it was error to strike it from the complaint and not permit to maintain the action.

The judgment of the circuit court is reversed, and the cause is remanded with directions to overrule the demurrer, and to proceed with the trial of the case.