PAUL SHIPLEY ET AL *v.*
NORTHWESTERN MUTUAL INS. CO.

5-4591 428 S. W. 2d 268

Opinion delivered June 3, 1968

*Charles W. Garner,* for appellants.

*Barber, Henry, Thurman, McCaskill & Amsler,* for appellee.

LYLE BROWN, Justice. Plaintiffs-appellants sued Northwestern Mutual Insurance Company to recover under a medical payment provision included in Paul Shipley's policy of public liability insurance. At the close of all the testimony the trial court entered a directed verdict for Northwestern Mutual. The appeal challenges the propriety of that verdict.

Paul Shipley's policy bound the Company to pay medical bills incurred by Shipley and his passengers. The coverage was limited to $500 per person. In the event of any payment under the policy it was stipulated that the Company would be subrogated to any right of recovery vested in the injured persons. It was further provided that those who were so insured would do nothing to prejudice the Company's subrogation rights.

On April 29, 1966, Shipley was involved in a collision with a vehicle driven by Eva M. Baldwin. The accident was reported to Shipley's insurance agent. As a result of that contact Northwestern's adjuster called on Shipley. The adjuster obtained information concerning the collision and advised Shipley to supply him with the medical bills. Shipley and the other three occupants of the vehicle, his wife and two grandchildren, were receiving medical attention. Treatment for some or all of them continued for a matter of months. When the bills would come to Mr. Shipley on the first of each month he would take them to the adjuster. Shipley seemed to be of the impression that as each bill was submitted Northwestern would forthwith supply the funds to pay it. On the other hand the adjuster understandably was desirous of garnering all the bills and disposing of the claims with final instruments of settlement and subrogation. In that connection he assured Shipley that Northwestern was not attempting to avoid its obligations under the policy.

On September 15, 1966—less than four months after the accident—the Shipleys filed suit against Mrs. Baldwin. That filing was not made known to Northwestern or its adjuster. The attorney for the Shipleys shortly began correspondence with Northwestern's adjuster concerning the claimed medical payments. Counsel was advised that numerous medical bills had been supplied but the adjuster had not been informed as to whether the Shipleys had been discharged from treatment; nor had the proofs of loss and subrogation agreements been executed as requested. After further correspondence be-

tween those two parties, the adjuster prepared all the forms and attached detailed instructions for their execution. Those were forwarded to the attorney for the Shipleys with the assurance that their execution and return would result in payment of the medical claims. Those instruments were mailed on January 4, 1967. The attorney received them but elected not to have them executed and returned. A follow-up letter from the adjuster brought no response.

On February 28, 1967, the case against Mrs. Baldwin was tried. The following awards were made: Paul Shipley, $6,602; Novella (wife), $350; Terry, $275; and Karen, $65. The same medical bills forming the basis of this suit against Northwestern were introduced in the Shipleys-Baldwin trial.

Suit against Northwestern Mutual was filed April 26, 1967. Northwestern's refusal to pay the medical claims under its policy was grounded on the recovery in the Baldwin case. The Company contended (1) that its insurance contract was one of indemnity, and (2) that the Shipleys violated the subrogation and cooperation provisions of the policy, thereby precluding Northwestern from recouping any payments made by it from the party at fault (Mrs. Baldwin).

In directing a verdict for Northwestern the trial court found that "the Shipleys have been paid for the medical expenses and that this company is not now obligated to pay same." We hold the court was correct on both findings, that is, first, the Shipleys had been paid, and second, Northwestern is not now obligated to pay. Novella Shipley contends that the judgment in her favor, and against Mrs. Baldwin, for $350 was $31.40 short of her actual medical. Her individual recovery was not for medical but for physical injuries. The instructions to the jury in the Shipleys-Baldwin trial are not in this record; however, it is shown that Paul Shipley paid the medical expenses for his wife and grandchildren. Paul

Shipley recovered $6,602. Having paid the medical, Shipley was the person entitled to recover for it. So we certainly cannot say the trial court was in error in stating that all medical payments were paid when Mrs. Baldwin paid the judgment against her. Nor is there anything in the record to show that the awards to the Shipleys were reduced by comparative negligence. To hold that Northwestern was obligated to pay the Shipleys, the court would have ignored the well established rules (1) that the object of subrogation is to prevent the insured "from recovering twice for the one harm, as would be the case if he could recover from both the insurer and from a third person who caused the harm, and (2) reimbursing the surety for the payment which it has made." Couch on Insurance 2d § 61:18 (1966).

In the contract of insurance before us the insured and the insurance company entered into an agreement whereby the insurer would be subrogated to any right possessed by the insured to reimbursement of medical expenses from a third party, in this instance a tortfeasor; the contract contained the usual cooperation clause; and it provided that the insured would do nothing after loss to prejudice the insurer's interest under subrogation. In view of those provisions, together with the fact that full medical compensation has been paid by the tort-feasor, Mrs. Baldwin, the Shipleys are precluded from recovering from Northwestern. See *Travelers Indemnity Co.* v. *Cole*, CCH 1967 Automobile Law Reports, § 5608 (Tenn. Ct. of Appeals, M. S., June 30, 1967); *Travelers Ins. Co.* v. *Lutz*, 210 N. E. 2d 755 (Ohio 1964); *DeCespedes* v. *Prudence Mutual Casualty Co.*, 193 So. 2d 224 (Fla. 1966); *Bernardini* v. *Home & Auto Ins. Co.*, 212 N. E. 2d 499 (Ill. App. 1965).

Affirmed.