# ACLIN FORD COMPANY, INC. d/b/a ACLIN TOYOTA v. FIAT MOTORS OF NORTH AMERICA, INC.

82-34                                    631 S.W. 2d 283

Supreme Court of Arkansas
Opinion delivered April 12, 1982

*Rice, Batton & Pierce, P.A.,* by: *Ben E. Rice,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

RICHARD B. ADKISSON, Chief Justice. On May 6, 1980, Holcomb, plaintiff, brought suit against Aclin Ford Company, Inc. and Fiat Motors of North America, Inc. for breach of warranty in the purchase of a Fiat automobile.

On August 5, 1980, the case came on for trial. As a matter of trial strategy no cross-claim was filed by Aclin against Fiat. Immediately preceding trial, the trial court dismissed Fiat from the suit because no ground for relief was stated against it in the complaint. Aclin then orally requested permission to file a third party complaint against Fiat, which was denied. The trial resulted in a judgment for Holcomb.

In a motion for a new trial, Aclin again requested that it

be allowed to file a third party complaint against Fiat, which was granted. But, at a subsequent hearing, the trial court granted Fiat's motion to strike this complaint, holding it was not timely filed. On appeal, we affirm.

Rule 14, ARCP, Ark. Stat. Ann., Vol. 3A (Repl. 1979) provides for third party complaints:

> (a) When Defendant May Bring in Third Party. At any time after commencement of the action a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third party plaintiff need not obtain leave to make the service if he files the third party complaint not later than 10 days after he files his answer. Otherwise, he must obtain leave on motion upon notice to all parties to the action. The person served with the summons and the third party complaint, hereinafter called the third-party defendant, shall make his defenses to the third party plaintiff's claim as provided in Rule 12 and his counterclaims against the third party plaintiff and cross-claims against other third party defendants as provided in Rule 13. The third party defendant may assert against the plaintiff any defenses which the third party plaintiff has to the plaintiff's claim. The third party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff. The plaintiff may assert any claim against the third party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff and the third party defendant shall thereupon assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13. Any party may move to strike the third party claim or for severance or separate trial. A third party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of

the claim made in the action against the third party defendant.

Generally, the purpose of this rule is to settle all controversies at one time, thereby avoiding a multiplicity of suits. *See U.S.* v. *Yellow Cab Co.,* 340 U.S. 543 (1951).

Implicit in Rule 14 is the assumption that the third party complaint will be filed before the issues are resolved at trial; otherwise, its provisions allowing the third party defendant to assert defenses against the original plaintiff would have no meaning. Therefore, the trial court was correct in granting Fiat's motion to strike the third party complaint since it was filed after trial.

Nor can we say that the trial court abused its discretion in refusing to allow Aclin to file a third party complaint against Fiat on August 5, 1980, the day of the trial. If this pleading had been allowed at that time it would have surely caused a delay of the trial.

Aclin argues on appeal that it should now be allowed to assert its claim against Fiat in a separate action. We do not decide this issue since it was not raised in the trial court.

Affirmed.