## FARM BUREAU MUTUAL INSURANCE COMPANY *v.* RIVERSIDE MARINE REMANUFACTURING, INC.

82-230                                          647 S.W.2d 462

Supreme Court of Arkansas
Opinion delivered March 14, 1983

*Laser, Sharp & Huckabay, P.A.*, for appellant.

*Howell, Price & Trice, P.A.*, by: *Dale Price*, for appellee.

STEELE HAYS, Justice. This appeal arises over the subrogation rights of an insurance company against a third party tort-feasor who was brought into an action between the insurance company and its insured. Farm Bureau insured a 1979 Cadillac belonging to Riverside Marine Remanufacturing Company, Inc., against loss by collision. The car was damaged in a collision with Ms. Rukmini Patel and when Riverside and Farm Bureau were unable to agree on the amount of the damage, Riverside sued Farm Bureau, which brought in Patel as a third party defendant, asking for judgment over against her for any amounts it might be required to pay Riverside under the policy. At the conclusion of Riverside's case, and over its objection, the trial court permitted Farm Bureau to confess judgment for $4,084.52.[1] At the same time, Farm Bureau moved that it be granted a judgment of $4,084.52 on its third party complaint from any damages awarded by the jury against Patel, which the trial judge indicated in conference he would grant. The motion, however, was never ruled on. Patel admitted liability and the jury assessed damages against her in the amount of $6,000.00. The trial judge then entered judgment in favor of Riverside

---

[1] An additional amount of $1,297.98 for a vandalism loss was also confessed but is not an issue.

for $6,000.00 against Patel and also entered judgment for Riverside against Farm Bureau for the amount confessed, i.e. $4,084.52 plus the vandalism loss.

Subsequently, the Farm Bureau moved to amend the judgment to allow it to recover its subrogation claim of $4,084.52, but that motion was denied. Patel has deposited the $6,000.00 into the registry of the court pending the outcome of this appeal by Farm Bureau, which asks that we reverse the trial court's refusal to permit recovery under its subrogation rights. There is no cross appeal. We agree that Farm Bureau is entitled to recover $4,084.52 from the amount paid by Patel and, accordingly, we reverse the trial court.

It is the general rule that an automobile insurer who has paid a claim under its policy caused by the negligence of a third person is entitled to be reimbursed by the insured from any recovery against the third party. See 7A Am. Jur. 2d, Automobile Insurance § 441.[2] This same right of subrogation is well recognized in Arkansas. See *Home Insurance Co.* v. *Lack,* 196 Ark. 888, 120 S.W.2d 355 (1938), and see generally *Shipley* v. *Northwestern Mutual,* 244 Ark. 1159, 428 S.W.2d 268 (1968). The underlying principle of subrogation rights is to avoid double recovery. As we stated in *Shipley:* "[T]he object of subrogation is to prevent the insured from recovering twice for one harm as would be the case if he could recover from both the insurer and from the third person who caused the harm . . ." Here, Riverside claimed compensation under the policy for damages to its car, and amended its complaint to request compensation of $5,000.00 for loss of use. Under the facts it is arguable that Riverside received damages to its property from the insurer, Farm Bureau, and that the damges from Patel were exclusively for loss of use, which loss was not covered by the policy. But the court's instructions to the jury told them to consider the fair market value of the Cadillac immediately before and after the collision, as well as loss of use, in fixing the damages. Moreover, the trial judge in his memorandum opinion does

---

[2]An exception to this rule exists when the insured's claim against the tort-feasor is not co-extensive with his claim against the insurer.

not base his decision on this point, nor does Riverside raise this argument, but instead bases its contention on two technical arguments which we discuss further on.

Another important element in our consideration is our recent adoption of the Arkansas Rules of Civil Procedure, under which Rule 14 — Third Party Practice — was liberalized to allow a defendant to bring in a person not a party to the action who "is or may be liable to him for all or part of the plaintiff's claim against him." The Reporter's Notes to Rule 14 state that the purpose of Rule 14 as construed by the federal courts is to facilitate the trial of multiple claims which would otherwise be triable only in separate proceedings. We stated our agreement with that purpose in *Aclin Ford Co.* v. *Fiat Motors of North America,* 275 Ark. 445, 631 S.W.2d 283 (1982): "Generally the purpose of this rule is to settle all controversies at one time, thereby avoiding a multiplicity of suits." In *Home Insurance Company* v. *Moro, Inc.,* 253 Ark. 305, 485 S.W.2d 736 (1972), we recognized the liberal effect of Rule 14 in a decision reached before our adoption of the Arkansas Rules of Civil Procedure.

On the facts of this case and applying the basic principles discussed above, we can find no reason for the court below not to have granted Farm Bureau's motion for judgment on its third party complaint, and no reason to deny its motion to amend the judgment. In a memorandum opinion the trial judge stated that if he were to allow the judgment to be amended for judgment over against Patel by Farm Bureau, it would also be necessary that the pleadings be amended after the trial and after the judgment had been entered. But we think the pleadings, though inaptly drawn, sufficiently apprised the opposing parties that Farm Bureau was seeking subrogation. Certainly, no one claimed to have been surprised or misled by the pleadings of Farm Bureau. See *Bates* v. *Simmons,* 259 Ark. 657, 536 S.W.2d 292 (1976). Because the motion had been made prior to judgment and was not ruled on, the appellee had no recourse but to make a motion after judgment. Farm Bureau had brought in the third party Patel, under Rule 14, and under the subrogation principles discussed above, Farm Bureau's motion should have been

granted. To do otherwise not only ignores the basic principle of subrogation, but undermines the purpose of Rule 14 to promote judicial economy and avoid multiplicity of suits.

Riverside makes two arguments that we are unable to sustain. It first argues that Farm Bureau in its pleadings sought no relief against appellee. But Farm Bureau under this fact situation has no need to seek relief from the insured because under the normal course of things, it is expecting reimbursement from the tort-feasor. To suggest that Farm Bureau should include an action against appellee in its pleadings, would require it to anticipate such an error by the court as was made here.

Riverside also contends that under Ark. Stat. Ann. § 29-303 (Repl. 1979), there is no appeal from a confession of judgment and all errors are waived. After Farm Bureau's confession of judgment, it was dismissed from the case in regard to its claim against appellee, but the confessed judgment did not dismiss Farm Bureau from its rights of subrogation against the third party, Patel. Of course Farm Bureau is estopped from denying the correctness of the confessed judgment, but that clearly does not preclude it from pursuing other claims in an action with multiple parties to which it is entitled, and to which no confession of judgment has been made.

We find the judgment to be in error and we remand the case for the entry of a judgment consistent with this opinion.

ADKISSON, C.J., and PURTLE, J., dissent.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority opinion from the first sentence to the end of the opinion. This is not a subrogation action at all. Appellee's automobile was involved in a collision with a third party. The insured was unable to agree with the appellant insurer on the amount of the loss under the terms of its policy. Appellee brought suit against appellant for collision damages plus penalties, interest, attorney's fees and costs. Subsequently the insured found there had been vandalism damage to the vehicle. The vandalism occurred at a body

shop where the vehicle was stored for pending repairs. The complaint was amended to seek judgment in the amount of $11,117.36 for damages to the vehicle. The insurer filed a third party complaint in which it sought to recover judgment against the third party in any amount which appellee might obtain against the appellant. A third party complaint by appellant was brought pursuant to Ark. Stat. Ann. § 34-1001 (Repl. 1962) et seq. which is the Uniform Contribution Among Tortfeasors Act. Thereafter, the appellee filed an amendment to the complaint wherein it sought to recover the sum of $5,000 for loss of use of the automobile. At the time the case went to trial appellee's claim was for $16,117.36 against the appellant and the joint tortfeasor, jointly and severally.

Farm Bureau was allowed to confess judgment in the amount of $4,084.52. Although the trial court indicated that appellant would be allowed to have judgment against the third party tortfeasor, such was never allowed. The jury assessed damages against the third party in the amount of $6,000. Appellant had been allowed to increase its confessed judgment by $1,297.88 which brought the total to $5,382.40. Appellant's motion for an amendment of the judgment and to amend the pleadings to conform to the proof was denied. So far as the record is concerned the appellant has not paid out any money to its insured at this time. Therefore, there could have been no subrogation claim. The total judgment against appellant and the third party amounted to $11,382.40. This was almost $5,000 less than the amount sued for. When the appellant confessed judgment it had no standing to appeal. Appellant never sought subrogation until after the judgment was rendered. In the case of *Cave* v. *Smith*, 101 Ark. 348, 142 S.W. 508 (1912), we stated:

A party confessing judgment is estopped by his own voluntary act from questioning its correctness.

This statement still expresses the law as it relates to confession of judgment.

Prior to trial the subject of subrogation was never mentioned. At the last minute the appellant confessed

judgment in an apparent effort to avoid any penalty, interest or attorney's fees. It is obvious that the jury was attempting to make up the difference in appellant's damages by granting a judgment against the third party in an amount which, when combined with the confessed judgment, would equal its loss. The majority opinion correctly quotes the law as it relates to subrogation claims. However, the action here was no more of a subrogation than it was a workers' compensation claim. I think the trial court should be affirmed. In the alternative I would remand for a new trial because this one is rather fouled up as evidenced by the majority opinion.

I am authorized to say that Chief Justice ADKISSON joins me in this dissent.