ARKANSAS BANKERS LIFE INSURANCE COMPANY *v.*
Randy TOMERLIN

99-1489                                                        13 S.W.3d 581

Supreme Court of Arkansas
Opinion delivered March 30, 2000
[Petition for rehearing denied May 4, 2000.]

*Gibson & Hashem, P.L.C.*, by: *Hani W. Hashem*, for appellant.

*Hodges & Hodges*, by: *David Hodges, Jr.*, for appellee.

RAY THORNTON, Justice. Appellee and his father pur-
chased a vehicle in 1988. In addition to the vehicle, the
parties purchased credit-life insurance from appellant so that in the

event of death, the debt on the car would be discharged. In 1991, appellee's father died and the vehicle was later repossessed and sold. Following the trial, a deficiency judgment was entered against appellee. Appellee then filed a third-party complaint against appellant seeking payment pursuant to the credit-life insurance policy. We conclude that the trial court abused its discretion when it allowed appellee to file a third-party complaint after judgment had been entered in the underlying suit and erred when it denied appellant's motion to strike appellee's third-party complaint.

On December 16, 1988, appellee, Randy Tomerlin and his father, Hugh Tomerlin, purchased a 1989 Ford truck from Ryburn Motor Company in Monticello. The truck was financed by Ford Motor Credit Company in the names of "Hugh Tomerlin or Randy Tomerlin as buyers." The purchase was recorded on a standardized Arkansas "vehicle retail installment contract." The Tomerlins also purchased credit-life and credit-disability insurance on the truck. On the retail installment contract, Hugh Tomerlin was listed as the proposed insured, and the contract was signed by both Randy and Hugh Tomerlin. Appellant, Arkansas Bankers Life Insurance Company, issued a policy for credit-life and credit-disability on the purchase, naming Randy Tomerlin as the insured.

On August 18, 1991, Hugh Tomerlin died. Appellee did not make a claim with appellant at that time. On October 6, 1994, Ford Motor Credit Company (Ford) filed a complaint against appellee, who had defaulted on his payments on the vehicle. Ford alleged that the vehicle had been repossessed, sold pursuant to the Uniform Commercial Code, and that appellee owed a deficiency of $ 4,717.31. During the pendency of the litigation, appellee did not seek recovery from appellant. A trial was held on the matter and on July 7, 1995, a judgment was entered against appellee.

On September 12, 1995, appellee filed a motion seeking permission to file a third-party complaint against appellant. Appellee's motion was granted and the third-party complaint was filed against appellant. The complaint alleged that appellant had issued a credit-life policy on Hugh Tomerlin and that appellee was entitled to judgment against appellant pursuant to the requirements of the credit-life policy. Appellant filed an answer to the third-party complaint and a motion to dismiss. On October 2, 1996, appellant filed a motion to strike the third-party complaint. The trial court found

that appellant had waived the issues presented in its motion to strike appellee's complaint by not filing the motion in a timely fashion.

On April 9, 1998, appellant filed a motion for summary judgment. Appellee responded to appellant's motion and sought summary judgment on several other issues. The trial court found that there were genuine issues of material fact that needed to be determined in the case and denied both motions for summary judgment.

A trial was held, and the jury returned a verdict for appellee in the amount of $5,560.97. The trial court also awarded appellee $189.50 in costs, a twelve percent penalty of $676.32, and $10,000 in attorney's fees. Appellees's total judgment was $16, 417.79. It was from that judgment that appellant appealed to the Arkansas Court of Appeals that affirmed the trial court in a nonpublished opinion that was handed down on December 1, 1999. On appeal to this court, appellant raises five points on appeal. Finding merit in the first point, we reverse.

Appellant contends that the trial court erred in failing to strike appellee's third-party complaint as its first point on appeal. Specifically, appellant argues that appellee should not have been allowed to file a third-party complaint against appellant after judgment had been entered against appellee in the underlying suit and that the trial court erred when it denied appellant's motion to strike the third-party complaint. In our evaluation of this issue, we must consider Ark. R. Civ. P. 14, which states:

> (a) At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third party complaint not later than ten days after he files his answer. Otherwise, he must obtain leave on motion upon notice to all parties to the action. The person served with the summons and the third-party complaint, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out

> of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff and the third-party defendant shall thereupon assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13. Any party may move to strike the third party claim or for its severance or separate trial. A third- party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant.

Ark. R. Civ. P. 14. We have explained that the purpose of the rule is to settle all controversies at one time, thereby avoiding multiplicity of suits. *See Farm Bureau Mutual Ins. Co. v. Riverside Marine Remanufacturing, Inc.*, 278 Ark. 585, 647 S.W.2d 462 (1983). We also note that in his book on the Arkansas Rules of Civil Procedure, David Newbern states that "permission to file a third party complaint may properly be denied if it is unnecessarily late and would cause a delay in a scheduled trial." David Newbern, *Arkansas Civil Practice and Procedure*, § 14-1 (2d ed. 1993). Additionally, Newbern states that "if the third party claim is inappropriate, whether because of the delay it will cause or other prejudice which might result, it may be stricken or severed for separate trial." *Id.*

In *Aclin Ford Co. v. Fiat Motors of North America, Inc.*, 275 Ark. 445, 631 S.W.2d 283 (1982), a case very similar to the case on appeal, we were asked to determine whether a trial court erred by granting a motion to strike a third-party complaint. In *Aclin*, a plaintiff brought a breach of warranty action against Aclin Ford Company, Inc. and Fiat Motors of North America, Inc., involving the purchase of a Fiat automobile. *Id.* Fiat was dismissed from the suit prior to the trial. Aclin then orally requested permission to file a third-party complaint against Fiat which was denied. The trial resulted in judgment for the plaintiff and Aclin requested a new trial. In its motion for a new trial, Aclin again requested that it be allowed to file a third-party complaint against Fiat. Aclin's motion to file the third-party complaint was granted. *Id.* However, the trial court thereafter granted Fiat's motion to strike Aclin's third-party complaint finding that it was untimely filed. Affirming the trial court, we held that

implicit in Rule 14 is the assumption that the third party complaint will be filed before the issues are resolved at trial; otherwise, its provisions allowing the third party defendant to assert defenses against the original plaintiff would have no meaning. Therefore, the trial court was correct in granting Fiat's motion to strike the third party complaint since it was filed after trial.

*Id.*

■ The facts in the present case are not distinguishable from the facts in *Aclin*. Here, Ford filed suit against appellee and recovered judgment. Thereafter, appellee requested and was granted permission to file a third-party complaint against appellant and the trial court denied appellant's motion to strike appellee's third-party complaint. Based on *Aclin*, we conclude that permitting the third-party complaint to be filed after the entry of the judgment in the underlying suit was error and requires that the ruling be reversed.

Because the initial erroneous ruling led to the other issues on appeal, it is not necessary for us to address the remaining points on appeal.

Reversed.