(No. 69010.—

MICHAEL F. SCHULTZ *et al.*, Appellants, v. TIMO-
THY G. GOTLUND *et al.* (Loretto Hospital, Appellee).

*Opinion filed September 26, 1990.*

Joseph L. Goldberg, of Chicago, for appellants.

Ronald J. Hennings, of Grabowski & Clutts, of Evan-
ston, for appellee.

Bruce Robert Pfaff, of Chicago, for *amicus curiae* Il-
linois Trial Lawyers Association.

JUSTICE WARD delivered the opinion of the court:

The plaintiffs, Michael F. Schultz and Joyce J.
Schultz, husband and wife, appeal from the appellate
court's judgment allowing the petition of Loretto Hospi-
tal to intervene in the plaintiff's suit against the defend-
ants, Timothy G. Gotlund, Richard Gotlund, Guy's Steak
House, and DBB Investors, Inc., for personal injuries
and other damages. The Illinois Trial Lawyers Associa-

tion filed a brief *amicus curiae* in support of the plaintiffs. The appellate court held that there was a common law or equitable right of subrogation in favor of the petitioner, and it ordered the trial court to determine what portion of the settlement Michael Schultz had made with the defendants, Richard and Timothy Gotlund, represented medical and hospital expenses. (185 Ill. App. 3d 943, 949.) The cause is before us on a certificate of importance granted by the appellate court (107 Ill. 2d R. 316). We reverse the holding of the appellate court that Loretto Hospital had an equitable right of subrogation.

The plaintiffs filed their complaint after Michael Schultz had been struck by a car driven by Timothy G. Gotlund and owned by Richard Gotlund. Prior to being injured, Michael had been served liquor in Guy's Steak House, Ltd., which was owned by DBB Investors, Inc. His wife, Joyce Schultz, was employed by Loretto Hospital, which provided medical coverage for its employees and their families. Her husband, Michael, was covered under this group plan, and St. Anne's Hospital and Elmhurst Extended Care Center, where Michael was treated, were paid $60,885 under the plan. After suit had been filed, a petition to intervene in the suit was filed by Loretto Hospital pursuant to sections 2—408(a)(2) and (b)(2) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—408(a)(2), 2—408(b)(2)).

To support its petition to intervene, Loretto Hospital claimed that it had a common law or equitable right of subrogation. The trial court denied the petition and held that, absent an expressly given right of subrogation in the insurance agreement, a right to subrogation would not be implied. The contract did not contain a subrogation provision.

The plaintiffs contend that there is no common law or equitable right to subrogation recognized in hospital expense, health and accident, and other personal insurance

policies. The plaintiffs add that, in any event, the appellate court erred in ordering a determination of what portion of the settlement represented medical expenses when the settlement was made for claims, not only of medical expenses, but for pain and suffering, loss of wages and other damages.

There are two broad categories of subrogation rights: contractual or conventional rights and common law or equitable rights. Contractual rights are those expressly provided for in the insurance policy or other instrument. As there was no express subrogation provision in the medical plan here, the question of what effect the presence of an express provision would have had was not argued and briefed. We need not consider the question.

The other class of right to subrogation, equitable subrogation, is implied to have been intended where necessary to avoid an inequitable and unfair result. *Detroit Steel Products Co. v. Hudes* (1958), 17 Ill. App. 2d 514, 520-21.

The contention of the plaintiffs that an equitable or common law right to subrogation is not recognized in hospital expense policies or plans is correct. In an annotation, *Right of 'Blue Cross' or 'Blue Shield,' or Similar Hospital or Medical Service Organization, to be Subrogated to Certificate Holder's Claims Against Tortfeasor* (73 A.L.R.3d 1140, 1143 (1976)), it is stated that health organizations and insurance companies have sometimes sought to assert subrogation rights on equitable or common law grounds. The annotation observed:

> "[N]o court has recognized the principle of legal subrogation [common law or equitable] as a basis for recoupment of benefits paid by a hospital or medical service organization, notwithstanding contentions that permitting the member-subscriber to keep both the hospital-medical payments received from the organization, and the hospital and medical damages received as a part of a damage

award or settlement from a tortfeasor or his insurer, results in unjust enrichment and tends to unduly enhance the rates which such organizations must charge. The courts have taken the position that traditional equitable principles did not permit applicability of the principles of subrogation." 73 A.L.R.3d at 1143.

The factual setting in *Frost v. Porter Leasing Corp.* (1982), 386 Mass. 425, 436 N.E.2d 387, resembles the one here. The question presented to the court was whether a group insurer which provided medical and hospital expense benefits to an insured has a right of subrogation in a settlement made by the assured with the tortfeasor for personal injuries, though the group insurance policy had no express provision entitling the insurer to subrogation. The plaintiff had been injured in an auto accident. He was the beneficiary of a group insurance policy issued to a union health plan. The insurer paid over $26,000 to cover the plaintiff's medical expenses and it intervened in his lawsuit against the driver of the other vehicle, asserting a right of subrogation. Specifically, the insurer claimed that, to the extent of the benefits it had paid on behalf of the plaintiff, it would be entitled to the damages the plaintiff would recover from the defendant-driver for medical expenses.

The trial court held the insurer did have a right of subrogation and to the proceeds to the extent of the benefits it had paid. The supreme judicial court of Massachusetts in reversing stated that courts have not recognized implied rights of subrogation in the area of personal insurance, a category that has included policies for medical expense benefits as well as accident insurance. The court said that "in the absence of a subrogation agreement between the insurer and the insured, an insurer that has paid medical or hospital expense benefits has no right to share in the proceeds of the insured's recovery against the tortfeasor." *Frost v. Porter Leas-*

*ing Corp.* (1982), 386 Mass. at 431-32, 436 N.E.2d at 391.

The court in *American Pioneer Life Insurance Co. v. Rogers* (1988), 296 Ark. 254, 753 S.W.2d 530, described the holding in *Frost* as "persuasive" and held that, in the absence of an express subrogation clause in an insurance contract, a medical insurance carrier has no right to share in the proceeds of the settlement or recovery from a third-party tortfeasor.

The reliance by Loretto Hospital on two decisions of this court where a right to subrogation was found is misplaced because of factual and issue dissimilarities. *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, involved a question of an employer's right to subrogation in workers' compensation cases. In *Dworak v. Tempel* (1959), 17 Ill. 2d 181, the question was not whether a right to subrogation exists where there is no statutory provision for it. The question involved subrogation by statute.

In view of the disposition we make, there is no necessity of considering the action of the appellate court in remanding to the trial court to determine the amount of the settlement that represented medical costs.

For the reasons given, the appellate court's judgment is reversed and the judgment of the trial court is affirmed.

*Appellate court judgment reversed; circuit court judgment affirmed.*