CAPITOL INDEMNITY CORPORATION, Plaintiff-Appellee, v. STRIKE ZONE, S.S.B.&B. CORPORATION, Defendant-Appellant.

Fourth District    No. 4—94—0580

Argued January 24, 1995.—Opinion filed February 3, 1995.

Eric S. Pistorius (argued), of Law Offices of George P. Wittman, of Jerseyville, for appellant.

Kevin J. Davidson (argued), of Bernard & Davidson, of Granite City, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant appeals a grant of summary judgment entered in favor of plaintiff, Capitol Indemnity Corporation (Capitol), awarding it $461,759.29 of the funds received by defendant from a third-party tortfeasor in settlement of a property damage claim. Defendant alleges the court erred in enforcing a subrogation clause in a contract of insurance issued by Capitol. We affirm.

In August 1991, a building and business owned by defendant was totally destroyed in a fire caused by the crash of a private plane. Pursuant to a policy of insurance issued to defendant by Capitol, defendant was paid $461,759.29 for its losses, the applicable policy limits. In October 1992, Capitol filed a complaint for declaratory judgment seeking a declaration of its right to enforce the subrogation provisions under the policy against any recovery obtained from responsible third parties. The subrogation clause provided:

> "If any person or organization to or for whom we make payment under this Coverage Part has rights to recover damages from another, those rights are transferred to us to the extent of our payment. That person or organization must do everything necessary to secure our rights and must do nothing after loss to impair them."

In January 1993, Capitol and defendant entered into a settlement agreement with the third-party tortfeasor for the sum of $693,997.65, of which $465,000 was placed in escrow pending the outcome of the declaratory judgment action. Defendant's losses exceeded the combined payments of the policy proceeds and the tort recovery.

The doctrine of subrogation arose as an equitable right and remedy to ensure that one who has indemnified an injured party is entitled to pursue those legally responsible for the loss and recoup payments it was obligated to make on the injured party's behalf, but

it will not be imposed where it would be inequitable to do so. (See *Dix Mutual Insurance Co. v. LaFramboise* (1992), 149 Ill. 2d 314, 319, 597 N.E.2d 622, 624.) Subrogation may also arise by statute (see 40 ILCS 5/14—129 (West 1992)), or by contract. (See *Dworak v. Tempel* (1959), 17 Ill. 2d 181, 190-92, 161 N.E.2d 258, 263-64.) Where subrogation arises from contract, those rights will not be recognized where the debt on which the right of subrogation is based has not been paid (*Village of Crainville v. Argonaut Insurance Co.* (1980), 81 Ill. 2d 399, 403, 410 N.E.2d 5, 7; *Hardware Dealers Mutual Fire Insurance Co. v. Ross* (1970), 129 Ill. App. 2d 217, 262 N.E.2d 618), or where a statute expresses a public policy against enforcement of those rights. (See *National Bank v. Podgorski* (1978), 57 Ill. App. 3d 265, 266, 373 N.E.2d 82, 83 (the Wrongful Death Act (Ill. Rev. Stat. 1975, ch. 70, par. 2), in providing that amounts recovered shall be for the exclusive benefit of the decedent's spouse and next of kin, precludes subrogation rights).) Defendant argues that, even though a contract may expressly provide for subrogation, equitable principles require a balancing of those rights against the right of the injured party to first be made whole through combined payments received from its insurer and third-party tortfeasors.

Defendant's argument that contractual terms may be overridden by an equitable analysis was expressly rejected by the second district in *In re Estate of Scott* (1991), 208 Ill. App. 3d 846, 567 N.E.2d 605. That court held that if a subrogation clause is enforceable, it is the contract terms, and not common law concepts of subrogation, which control. *Scott*, 208 Ill. App. 3d at 848, 567 N.E.2d at 606.

Defendant urges this court to reject the *Scott* court's holding and instead adhere to a view espoused by foreign authority that subrogation clauses would be enforced only when the insured's loss had been fully compensated, since the insurer had been paid for the risk it assumed. See *Wimberly v. American Casualty Co.* (Tenn. 1979), 584 S.W.2d 200, 203; *Rimes v. State Farm Mutual Automobile Insurance Co.* (1982), 106 Wis. 2d 263, 276, 316 N.W.2d 348, 355.

●3 As was the second district in *Scott*, we are unpersuaded by the views of foreign jurisdictions. The parties here were free to negotiate the terms of the contract of insurance, including the subrogation provision with its consequent effect on premiums, and the amount of liability coverage. We decline to upset the settled expectations of the parties as reflected in the policy of insurance by overlaying inapplicable equitable principles which contravene the contract terms and forge a new agreement between the parties.

The judgment of the circuit court of Jersey County is affirmed.

Affirmed.

LUND and STEIGMANN, JJ., concur.