# Illinois Official Reports

## Appellate Court

*American Family Mutual Insurance Co. v. Plunkett*,
2014 IL App (1st) 131631

| | |
|---|---|
| Appellate Court Caption | AMERICAN FAMILY MUTUAL INSURANCE COMPANY, as Subrogee of Michael P. McGrath, Jr., Plaintiff-Appellee, v. PATRICK PLUNKETT, Individually, and PATRICK PLUNKETT ARCHITECTURAL DESIGN, LTD., Defendants-Appellants (Northern Heritage Builders, L.L.C., Defendant). |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-1631 |
| Filed | June 27, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where plaintiff insurer paid the judgment its insured obtained in federal court in his action arising from his claim for water damage to his residence caused by the negligence of the architects and builders and then plaintiff filed a subrogation action against the architects and builders naming itself as the equitable subrogee in the absence of an assignment from its insured, but that case was dismissed with prejudice based on the trial court's finding that plaintiff needed a written assignment to seek subrogation, and then, after plaintiff received a written assignment from its insured after the statute of limitations had expired, plaintiff filed another suit against defendants, and defendants sought the dismissal of that suit on the ground that it was untimely, the trial court certified pursuant to Supreme Court Rule 308 the question of whether "equitable tolling" was a proper basis to deny defendants' motion to dismiss, and the appellate court responded in the negative, stating that plaintiff insurer's difficulties started when it did not obtain an assignment when it paid the settlement of its insured's claim after the insured's federal suit, the terms of the insurance contract with respect to subrogation controlled in the instant case, and in the absence of any extraordinary circumstances preventing plaintiff from obtaining the required assignment and filing suit, there was no basis for the application of equitable tolling of the statute of limitations. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-11528; the Hon. Moira S. Johnson, Judge, presiding. |
| Judgment | Certified question answered. |
| Counsel on Appeal | Eugene S. Kraus and Gregory J. Bird, both of Scott & Kraus, LLC, of Chicago, for appellants. |
| | William J. Sneckenberg and Emilie G. Kaplan, both of Sneckenberg, Thompson & Brody, LLP, of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion. |
| | Justices McBride and Taylor concurred in the judgment and opinion. |

**OPINION**

¶ 1    The instant interlocutory appeal arises from the attempts of plaintiff American Family Mutual Insurance Company (American Family) to file suit against the defendant builders[1] and architects in its capacity as subrogee of Michael P. McGrath, Jr., the owner of a home designed and built by defendants. McGrath filed a claim with American Family, his insurer, after his home sustained water damage, and, after a lawsuit in federal court, American Family settled the claim for approximately $1.1 million; after paying McGrath, American Family asked McGrath to execute a written assignment to the extent of its payment, but McGrath failed to respond.

¶ 2    American Family then filed suit against defendants for their negligence in causing the damage. Since it was not in possession of an executed written assignment, American Family filed suit in its capacity as McGrath's equitable subrogee. While that case was pending, American Family filed suit against McGrath for specific performance in order to obtain his executed written assignment. American Family's suit against defendants was dismissed with prejudice on a combined motion to dismiss under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2008)), with the trial court finding that American Family was required to have a written assignment in order to pursue a subrogation

---

[1]A default judgment was entered against Northern Heritage Builders on May 30, 2013, and it is not a party to the instant appeal. Any reference to "defendants" accordingly refers only to the defendants who remain parties on appeal.

claim. Shortly thereafter, American Family's suit against McGrath was dismissed on a section 2-619 motion to dismiss (735 ILCS 5/2-619 (West 2008)), with the trial court finding that American Family had released its claim for an assignment by settling the federal lawsuit; the court also found that the claim was barred by *res judicata* based on the dismissal of the equitable subrogation suit against defendants.

¶ 3 American Family simultaneously appealed the dismissal of both suits, and the appellate court affirmed the dismissal of the equitable subrogation claim, holding that American Family had failed to perfect its rights of subrogation under the terms of the insurance policy. *American Family Mutual Insurance Co. v. Northern Heritage Builders, L.L.C.*, 404 Ill. App. 3d 584, 588 (2010). However, the appellate court reversed the dismissal of American Family's claim against McGrath and remanded the case. *American Family Mutual Insurance Co. v. McGrath*, No. 1-10-1619 (2011) (unpublished order under Supreme Court Rule 23). On remand, McGrath eventually tendered an executed assignment to American Family, and the case was dismissed.

¶ 4 American Family then filed another lawsuit against defendants, this time as McGrath's contractual subrogee. Defendants filed a motion to dismiss, claiming that the suit was barred by the statute of limitations. The trial court denied the motion to dismiss, finding that the statute of limitations had been equitably tolled. Defendants then moved for a permissive interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 1, 1994), and the trial court certified one question for review: "Is 'equitable tolling' a proper basis to deny Plunkett's and PPAD's motion to dismiss based upon the statute of limitations found in 735 ILCS 5/13-214(b)?" We granted the petition for leave to appeal, and now answer the trial court's certified question in the negative.

¶ 5                                    BACKGROUND[2]
¶ 6                                 I. Federal Court Case
¶ 7 McGrath was the owner of a single-family home in Chicago that was designed and built by defendants. The home was covered by an insurance policy issued by American Family. On August 23, 2006, while the policy was in force, McGrath made an insurance claim for water damage caused by alleged faulty design and construction of the home. American Family denied the claim, and McGrath filed suit against American Family in the United States District Court for the Northern District of Illinois (the federal court case). Summary judgment was granted in McGrath's favor on the issue of coverage, and the case proceeded to a jury trial on the issue of damages. A jury returned a verdict in favor of McGrath, in the amount of $1,130,680.16.

¶ 8 Subsequent to the verdict, on May 16, 2008, McGrath and American Family settled the federal court case and executed a settlement agreement; the terms of the settlement agreement did not contain an assignment to American Family of McGrath's rights of recovery against any

---

[2]The background details of the numerous court proceedings leading to the instant appeal are helpful in understanding the parties' arguments on appeal. However, many of the documents that provide such background are not included in the record on appeal. Thus, any gaps are filled in by relying on the statement of facts in our earlier decisions in *American Family Mutual Insurance Co. v. Northern Heritage Builders, L.L.C.*, 404 Ill. App. 3d 584 (2010), and *American Family Mutual Insurance Co. v. McGrath*, No. 1-10-1619 (2011) (unpublished order under Supreme Court Rule 23).

negligent party by reason of the damage to his residence. American Family paid McGrath $1,130,680.16.

¶ 9　　On June 18, 2008, American Family requested an assignment of their rights of recovery (subrogation) from McGrath to the extent of the $1,130,680.16 payment made by American Family. McGrath did not respond to the request.

¶ 10　　　　　　　　　　　II. Equitable Subrogation Case

¶ 11　　On May 20, 2008, American Family filed a complaint against defendants in the law division of the circuit court of Cook County in its capacity as a subrogee of McGrath (the equitable subrogation case). American Family alleged breach of contract in the defective design of McGrath's home and negligence in the construction of the home. On March 13, 2009, American Family filed its third amended complaint, claiming that it was an equitable subrogee due to the payment it had made to McGrath.

¶ 12　　On April 21, 2009, American Family sent another request for an assignment from McGrath.

¶ 13　　On May 13, 2009, defendants filed a combined motion to dismiss the complaint under section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2008)). On August 3, 2009, the trial court granted defendants' combined motion to dismiss the complaint with prejudice.

¶ 14　　On December 22, 2009, the trial court denied American Family's motion to reconsider, finding that American Family's right to subrogation was limited to contractual subrogation, not equitable or common-law subrogation, due to the existence of a subrogation clause in the insurance policy between American Family and McGrath. On January 14, 2010, American Family filed a notice of appeal.

¶ 15　　　　　　　　　　　III. Specific Performance Case

¶ 16　　While the equitable subrogation case was pending, American Family filed suit against McGrath in the chancery division of the circuit court of Cook County (the specific performance case). American Family's one-count complaint alleged that McGrath was contractually obligated to assign his subrogation rights to American Family, and sought specific performance of the contract.

¶ 17　　After the trial court dismissed the equitable subrogation case under section 2-619.1 of the Code due to its finding that contractual subrogation was the only available basis for subrogation, McGrath filed a motion to dismiss American Family's complaint under section 2-619 of the Code (735 ILCS 5/2-619 (West 2008)), arguing that the complaint was barred under *res judicata* and by the parties' settlement agreement.

¶ 18　　On May 11, 2010, the trial court granted McGrath's section 2-619 motion to dismiss American Family's complaint for specific performance. The court found that the complaint was barred by *res judicata* in light of the dismissal with prejudice of the equitable subrogation complaint. Furthermore, the court held that American Family released any rights to an assignment of subrogation rights when it entered into a release and settlement agreement with McGrath concerning payment under the insurance policy. On June 2, 2010, American Family filed a notice of appeal.

¶ 19                     IV. Appeals of Equitable Subrogation and Specific Performance Cases

¶ 20        On October 12, 2010, the appellate court issued an opinion affirming the dismissal of the equitable subrogation case, holding that any subrogation right American Family had was a contractual one, arising from the insurance policy between American Family and McGrath, and equitable subrogation was not available in light of the express contractual provision. *American Family Mutual Insurance Co. v. Northern Heritage Builders, L.L.C.*, 404 Ill. App. 3d 584, 588 (2010). Since there was no written assignment of McGrath's rights, the appellate court found that American Family failed to perfect its rights of subrogation under the terms of the policy, and affirmed the dismissal of the complaint on that basis. *Northern Heritage*, 404 Ill. App. 3d at 588-89.

¶ 21        On March 14, 2011, the appellate court issued an unpublished order reversing the dismissal of the complaint for specific performance, finding that American Family's claims were not barred by *res judicata* or by the settlement agreement and release. *American Family Mutual Insurance Co. v. McGrath*, No. 1-10-1619 (2011) (unpublished order under Supreme Court Rule 23).

¶ 22                              V. Remand of Specific Performance Case

¶ 23        On remand, American Family again demanded that McGrath tender an executed assignment. On October 31, 2011, McGrath executed a written assignment transferring his interest in the claim against defendants to American Family, to the extent of American Family's payment to McGrath. However, American Family claims that it did not receive the assignment until June 2012, after American Family filed a motion for summary judgment. After receiving the assignment, the specific performance case was voluntarily dismissed.

¶ 24                                   VI. Instant Case

¶ 25        On October 10, 2012, American Family filed a complaint against defendants in its capacity as the contractual subrogee of McGrath. The complaint alleges that defendants breached their contracts and an implied warranty of habitability with McGrath by preparing design plans and constructing a house that contained defects, allowing moisture to build up inside the house and causing damage. The complaint further alleges that McGrath became aware of the defects in the work in July or August 2006. On January 2, 2013, American Family filed an amended complaint, containing substantially the same allegations as the original complaint.

¶ 26        On February 20, 2013, defendants filed a motion to dismiss the amended complaint pursuant to section 2-619 of the Code, claiming that the action was barred by the statute of limitations and by *res judicata*.

¶ 27        On April 25, 2013, the trial court denied defendants' motion to dismiss on the basis that equitable tolling applied to toll the statute of limitations. On May 14, 2013, the trial court entered an order certifying the following question for review:

> "Is 'equitable tolling' a proper basis to deny Plunkett's and PPAD's motion to dismiss based upon the statute of limitations found in 735 ILCS 5/13-214(b)?"

Defendants filed a petition for leave to appeal pursuant to Rule 308 on May 28, 2013, and we granted the petition on June 12, 2013.

ANALYSIS

Illinois Supreme Court Rule 308 (eff. Feb. 1, 1994) provides a remedy of permissive appeal from interlocutory orders where the trial court has deemed that they involve a question of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of the litigation. We apply a *de novo* standard of review to legal questions presented in an interlocutory appeal brought pursuant to Rule 308. *Simmons v. Homatas*, 236 Ill. 2d 459, 466 (2010). *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011). Additionally, we are limited to the issues raised in the certified questions and will not go beyond those questions to consider other matters. See *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 153 (2007) ("An interlocutory appeal pursuant to Supreme Court Rule 308 is ordinarily limited to the question certified by the circuit court ***.").

On appeal, we are asked to consider one question: whether the trial court properly determined that equitable tolling applied to toll the statute of limitations in the instant case. Defendants also ask us to consider whether *res judicata* applies to bar the instant claim. However, we decline to consider this additional issue, which was not certified by the trial court. It was not relied upon by the trial court in denying the motion to dismiss and it is not necessary to the resolution of the question properly before us.

Turning to the certified question, the parties agree that the applicable statute of limitations for American Family's claims against defendants is the four-year statute of limitations provided in section 13-214(b) of the Code (735 ILCS 5/13-214(b) (West 2008)), and further agree that McGrath and American Family became aware of the water damage to McGrath's home in August 2006. Thus, as McGrath's subrogee, American Family would have been required to file suit on or before August 31, 2010. While American Family did file suit as McGrath's equitable subrogee in May 2008, well within the statute of limitations, that suit was dismissed. American Family then filed the complaint in the case at bar in October 2012 as McGrath's contractual subrogee. However, American Family argues that the instant suit is not time-barred because the doctrine of equitable tolling applied to toll the statute of limitations from December 22, 2009–when American Family's motion to reconsider the dismissal of the equitable subrogation case was denied–until June 2012–when McGrath finally tendered the executed assignment to American Family, permitting it to file the instant lawsuit in its capacity as McGrath's contractual subrogee.

"Equitable tolling of a statute of limitations may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum." *Clay v. Kuhl*, 189 Ill. 2d 603, 614 (2000) (citing *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 285 Ill. App. 3d 1046, 1052 (1996)). "Extraordinary barriers include legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence." *Thede v. Kapsas*, 386 Ill. App. 3d 396, 403 (2008) (citing *Griffin v. Willoughby*, 369 Ill. App. 3d 405, 415-16 (2006)). " '[E]quitable tolling, unlike equitable estoppel, applies even when the defendant is faultless.' " *Kaufmann v. Jersey Community Hospital*, 396 Ill. App. 3d 729, 743 (2009) (quoting *Griffin*, 369 Ill. App. 3d at 416).

¶ 33    While equitable tolling is recognized in Illinois, it is rarely applied. The supreme court has applied it once, in *Williams v. Board of Review*, 241 Ill. 2d 352, 360 (2011), a case in which it applied federal law. Additionally, while neither party cites it, this court found the doctrine applicable in *Ralda-Sanden v. Sanden*, 2013 IL App (1st) 121117, ¶ 26, a case in which the plaintiff sought to file suit under the Illinois Parentage Act of 1984 (750 ILCS 45/1 *et seq.* (West 2010)). There, the plaintiff filed a complaint to establish paternity nearly two years after the expiration of the statute of limitations period and the complaint was dismissed under section 2-619 of the Code. *Ralda-Sanden*, 2013 IL App (1st) 121117, ¶¶ 17-18. On appeal, the plaintiff argued that the statute of limitations period should be equitably tolled because she had not discovered her putative father was alive until July 2011, three months before she filed her complaint. *Ralda-Sanden*, 2013 IL App (1st) 121117, ¶ 18. The appellate court agreed, noting that the uncontroverted affidavits of the plaintiff and her mother established that the plaintiff's mother had withheld information concerning the plaintiff's putative father due to his past violent behavior and threats to kill her and her family. *Ralda-Sanden*, 2013 IL App (1st) 121117, ¶ 25. Accordingly, the court found that the plaintiff was prevented from asserting her rights in an extraordinary way and the statute of limitations period should therefore be equitably tolled. *Ralda-Sanden*, 2013 IL App (1st) 121117, ¶ 26.

¶ 34    In the case at bar, American Family argues that equitable tolling should apply to toll the statute of limitations in its case because "American Family was extraordinarily prevented from bringing its claim for contractual subrogation against the Plunkett Defendants because it did not have such a claim until it received the Assignment, after this Court ruled that an executed Assignment from the McGraths was the only available theory under which American Family could sue the Plunkett Defendants in subrogation, and after this Court separately determined that American Family was entitled to the Assignment from the McGraths." However, we do not find this argument persuasive.

¶ 35    There is no question that American Family diligently pursued its equitable subrogation and specific performance cases, including seeking appeals before this court. Additionally, we agree that American Family did not have a claim as McGrath's contractual subrogee until after the execution of the written assignment. However, the fact remains that American Family's problems are entirely based on American Family's decision not to obtain an executed assignment at the time it paid McGrath in settlement of the insurance claim, as was its right pursuant to the insurance policy. Thus, as defendants point out, "any alleged damage done to [American Family] is self-inflicted."

¶ 36    Furthermore, it should have come as no surprise to American Family that an assignment was required in order for it to be able to file suit in its capacity as McGrath's subrogee. While the appellate court decision in the equitable subrogation case "address[ed] the question left unanswered by the supreme court in *Schultz v. Gotlund*, 138 Ill. 2d 171, 173 *** (1990), namely, the effect of an express contractual subrogation provision on a common law or equitable subrogation theory of recovery" (*Northern Heritage Builders*, 404 Ill. App. 3d at 588), a number of appellate court cases had previously established that where the right of subrogation is created by contract, the contract terms, rather than common law or equitable principles, control. See, *e.g.*, *Benge v. State Farm Mutual Automobile Insurance Co.*, 297 Ill. App. 3d 1062, 1071 (1998) ("Where the right [to subrogation] is created by an enforceable subrogation clause in a contract, the contract terms, rather than common law or equitable principles, control."); *Capitol Indemnity Corp. v. Strike Zone, S.S.B. & B. Corp.*, 269 Ill. App.

3d 594, 596 (1995) (agreeing with prior case law that "if a subrogation clause is enforceable, it is the contract terms, and not common law concepts of subrogation, which control"); *In re Estate of Scott*, 208 Ill. App. 3d 846, 848 (1991) (in considering a medical subrogation clause in an insurance contract, noting that "if such a clause is enforceable, it is not common-law concepts of subrogation but the contract terms that control"). Thus, since there was a subrogation clause in the insurance policy, established law provided that the policy's contractual terms would apply, rather than common law or equitable principles. Consequently, we do not find persuasive any argument that American Family could not have known that the assignment would be required for it to be able to file suit against defendants.

¶ 37    The circumstances in the instant case are certainly unusual. However, we cannot find that American Family was prevented from filing its lawsuit in an extraordinary way such that equitable tolling should apply. See *Clay*, 189 Ill. 2d at 614. Instead, American Family was only "prevented" from filing its lawsuit due to its own failure to obtain an executed assignment at the time it paid McGrath. This is not the sort of extraordinary situation in which equitable tolling applies, and accordingly, we answer the trial court's certified question in the negative.

¶ 38    American Family's citation to persuasive authority does not change this result. Three of the cases it cites are unreported cases from federal district courts in Illinois, California, and the Virgin Islands, while the fourth is from the Supreme Court of California. Unreported decisions have no precedential value, and this is even more true for decisions from foreign jurisdictions. *Burnette v. Stroger*, 389 Ill. App. 3d 321, 329 (2009). Additionally, none of the cases American Family cites bears any semblance to the factual scenario in the case at bar. Finally, it appears that the equitable tolling doctrine has been applied much more liberally in those jurisdictions, which is not the case here in Illinois where, as noted, it is rarely applied. Thus, the fact that those courts chose to find equitable tolling in the cases before them does not change our result in the case at bar: American Family has not demonstrated that it was prevented in some extraordinary way from filing a suit against defendants, and so equitable tolling does not apply.

¶ 39                                    CONCLUSION

¶ 40    Since American Family's inability to file a complaint in its capacity as McGrath's contractual subrogee was based entirely on its failure to obtain an executed assignment at the time it paid McGrath under the insurance policy, there are no extraordinary circumstances that prevented American Family from filing suit and, accordingly, equitable tolling did not apply to toll the statute of limitations. Therefore, we answer the question certified by the trial court in the negative.

¶ 41    Certified question answered.